McRobbie v. Higginbotham et al.

1. An order dismissing the petition of an intervenor is no ground of appeal for the defendant.
2. A temporary restraining order prohibiting defendant to pay certain rents is no defense to an action for the same after the dissolution of the injunction.

*Appeal from District Court of Lake County.*

This was an action by the appellees, S. C. Higginbotham and G. M. Barnes, against the appellant, John J. M. McRobbie, for the recovery of rent accrued upon a lease of certain real estate premises made by appellees to appellant. In his answer, appellant admitted the execution of the lease, possession thereunder, and that the amount demanded had accrued as rental thereunder, and alleged that, prior to the commencement of the action, he had been enjoined from paying over the rentals by an order of court in an action wherein the Leadville Improvement Company was plaintiff, and the said Higginbotham & Barnes and others were defendants, and that the said Higginbotham & Barnes had been enjoined from collecting said rentals. In the replication thereto appellees denied each and every of the allegations of this answer; and, touching the said injunction proceedings, alleged that, on the 26th day of April, 1879, the Leadville Improvement Company instituted an action of ejectment in the district court of Lake county against R. L. De Lay, F. M. Cottrell, Stephen Mallen and James M. Franklin for the possession of the said premises; that neither the said Higginbotham nor Barnes was a party to such action; that on the 11th day of April, 1882, said court rendered judgment in favor of said plaintiff company against the defendants therein for the possession of said premises; that an appeal from said judgment was taken and perfected to the supreme court long prior to the application of said company for an injunction and receiver, and that said appeal was still pending; that after said appeal was taken, and in the month of February, 1883, the said Leadville Improvement Company filed in the district court of Lake county, in said action, a petition for injunction and receiver, and that said petition was certified to the fourth judicial district, and the judge thereof, on the 26th day of March, 1883, made the

order upon which the temporary writ referred to in
the answer was issued, and that said writ was at all
times wholly and absolutely void; that the petition upon
which said writ was issued shows upon its face that the
court granting the same had no jurisdiction either of the
subject-matter or the persons, and that said writ was not
filed in any action pending in said court; that afterwards,
and on the 3d day of April, 1883, said district court of
the fourth judicial district was prohibited by the supreme
court from taking further action in said proceedings;
that thereupon the said company abandoned the said
application in said district court, and filed in the supreme
court, in said case there pending on appeal, the same
petition for an injunction and receiver, and that after-
wards, in the month of May, 1883, upon final hearing
thereof, the said court denied the prayer of said petition;
and that all the same had transpired before the com-
mencement of this action.    On November 21, 1884, being
the day upon which the said case had been set for trial,
one Charles T. Limberg filed his petition of intervention
therein, alleging ownership of the premises described in
the said lease, to wit, lots 1 and 2, in block 5, in the
Leadville Improvement Company's addition to the city
of Leadville, Lake county, Colorado, and that he had been
the owner thereof ever since the 20th day of February,
1879; that on that day the said Higginbotham & Barnes
had unlawfully dispossessed him of the said premises, and
had since then, until the 5th day of December, 1883,
withheld the same from him; that he then recovered pos-
session thereof; that the rentals, for which this action
was brought to recover, accrued prior to that time, and
during the time that the said premises were so wrong-
fully withheld, and asked recovery of the same as against
both parties to the action.    Whereupon the said appel-
lees filed their motion as follows:    "Now come the
plaintiffs herein, and move the court to strike out and
from the files of this court the petition of intervention of

Charles T. Limberg in this cause, for the following rea-
sons, to wit: (1) Because said petition of intervention
was filed without notice to the plaintiffs herein; (2) be-
cause there is an action now pending in this court in
which said Limberg is plaintiff and these plaintiffs are
defendants, wherein said Limberg is seeking to recover
from these plaintiffs on the same cause of action set forth
in said petition of intervention; (3) because said petition
of intervention does not show that said petitioner was in
any way privy to the contract sued on in this action;
(4) because the event of this action does not in any man-
ner affect the rights or pretended claims of the petitioner,
nor are any of the pretended claims of said petitioner in-
volved in this action; (5) because said petition does not
allege or show said petitioner to have an interest in the
matter in litigation in this action, or in the success of
either of the parties thereto, or against both; (6) because
said petition does not show said petitioner to have been
entitled to the mesne profits of the property described in
said petition." And the court sustained the said motion.
Trial had, and judgment in favor of the said appellees
against said appellant in the sum of $2,904.23. Except
the petition itself, nothing is shown here of the facts
touching the motion to strike out the petition of inter-
vention, and on the trial of the case the evidence sus-
tained the allegations of the replication touching the
proceedings for injunction and receiver in the case re-
ferred to.

Messrs. H. Moody, C. H. Wenzell, Taylor, Ashton
and Taylor, and Frank W. Owens, for appellant.

Messrs. Rogers and McCord, E. M. Hubburd, and Bis-
sell and Gunnell, for appellees.

Stallcup, C. It is argued here that the court erred
in striking out or dismissing the petition of intervention,
and in maintaining this action. It does not appear that

there was any error against appellant in the court's order denying the intervention. We do not, however, concede that any question upon this order could arise in any way upon this appeal, as the order was against the intervenor and not against the appellant. The evidence touching the proceedings for injunction and receiver, in the case referred to, does not in any way show that the temporary restraining order made therein constituted any reason against the maintenance of this action or defense to the same. The judgment should be affirmed.

DE FRANCE and RISING, CC., concur.

PER CURIAM. For the reasons above given in the opinion of Commissioner STALLCUP the judgment is affirmed.

*Affirmed.*