## Mackey v. Mackey.

1. **Action on Note — Indemnity Unnecessary.** — In an action on a note given in payment, among other things, of an antecedent note, the jury having found that its delivery was not, as contended by defendant, conditional on the surrender of the antecedent note, and it being proven that such prior note had not been indorsed, there was no error in refusing to compel the execution of a bond of indemnity against the original note as a condition to recovery on the new note.
2. **New Trial — Insufficient Reasons.** — Newly-discovered evidence tending to raise a doubt as to the accuracy of plaintiff's testimony, that at the time of the giving of the new note he had the old note in his possession, furnishes no ground for a new trial, as it does not tend to support the defense that the delivery of the new note was conditional on the surrender of the old note.

*Appeal from District Court of Gilpin County.*

Messrs. Patterson & Thomas, for appellant.

Mr. Ed. Hurlbut, for appellee.

Bissell, C. In January, 1887, James Mackey brought this action against Richard Mackey to recover upon a promissory note, which was substantially a promise by Richard to pay James $5,000 ninety days after the 11th of June, 1883. The defendant admitted the execution of the note, and set up as a defense that it was in settlement of the dealings between the parties, and was intended to pay

an antecedent promissory note, as well as other obligations.
The controversy was as to the amount of the original
note,— which was either, according to defendant's admis-
sions, $3,000 or $3,500, and, according to the plaintiff's con-
tention, $4,000,— and as to the delivery of the paper. The
defendant conceded that, if it was the latter amount, the
note which was sued on was for the right sum; but he
averred and sought to prove that the delivery was a condi-
tional one, and only to be effective upon the production
and surrender of the original paper. This controversy was
submitted to the jury upon proper instructions given by
the court, and they rendered a verdict for the plaintiff for
the note and interest. It is not seriously contended that
there was no testimony to support the verdict, nor is error
assigned upon that ground; but the appellant's contention
is that his motion for a new trial should have been sus-
tained. This motion for a new trial was based upon the
usual grounds that the verdict was contrary to the law, and
unsupported by the testimony, and upon the further ground
of newly-discovered evidence, set out in the two affidavits
filed in support of the motion.

In this court the only part of the motion which is se-
riously urged as a basis of attack upon the court's ruling
is that which relates to the newly-discovered testimony.
The record abundantly justifies the action of the court.
The only defense offered was that of non-delivery of the
paper sued on. The court properly instructed the jury
upon this question, and upon the testimony the jury found
this fact against the defendant. Under these circumstances,
the judgment entered upon the verdict must be sustained,
unless the newly-discovered testimony would tend to pro-
duce a different result. Viewed in that light, it would evi-
dently be without force. The plaintiff proved that at the
time of the execution and delivery of the note sued on it
was agreed that he should destroy the original note, so
that the defendant could not thereafter be disturbed by suit
brought upon it. It appeared that the original instrument

was payable to his order; that he had never indorsed it; and that it had remained in his possession, except for a short time, when it was left with another for safe-keeping. This custodian and her husband testified to the possession of the note, and its subsequent surrender to James Mackey. The plaintiff fixed the time of this deposit as prior to the giving of the note in suit. His testimony on that matter was sought to be set out in the affidavits. According to them the plaintiff testified that the deposit had been made at the time of a visit to a place called "Perigo," which was in 1884, and consequently after the date of settlement. It is argued that, if these affidavits be true, the note could not have been in the possession of plaintiff at the time that the settlement was made, and therefore that the note could not have been destroyed, as he testifies.

The affidavits do not in any manner seem to shake the case as made by the plaintiff. In the first place, it does not appear by the record that he testified to the delivery of the note to Mrs. Murphey at the time he went to Perigo with Fallon in 1884. The deposit of the note with Mrs. Murphey, and its return by her, is settled by the testimony of the plaintiff and that of Mrs. Murphey and her husband. Its destruction unindorsed by the plaintiff is not directly disputed, nor is his positive testimony upon this subject at all shaken by anything contained in the record or appearing in the affidavits. The utmost that can be claimed for the new proof is that it tends to raise a doubt as to the accuracy of his statement concerning the destruction of the paper. This, however, in no manner tends to support the defense of the non-delivery or conditional delivery of the promise upon which this suit was brought. On this issue the jury found against the defendant, and the plaintiff had a right to recover, even though the original note had not been destroyed.

The only bearing which this matter can have on the case will be disposed of in the consideration of the other error urged, which is that the court erred in refusing to compel

the plaintiff to execute a bond of indemnity against the original note. It is not easy to discover the basis of this contention. It is well settled that an action at law cannot be maintained upon a lost negotiable instrument in the absence of statutory authority. The remedy of the owner of lost paper is in equity, which will only render judgment on the bill on condition that an adequate bond be filed to protect the maker against any subsequent action brought on the instrument. The rule and the doctrine grow out of the essential characteristics of negotiable paper. Under the law-merchant the holder of negotiable paper receiving it before maturity is entitled to receive its proceeds. It would therefore follow that, should the claimant of a lost negotiable instrument be permitted to sue, recover and collect the amount of the promise, such recovery would be no bar to an action by the holder innocently receiving it before maturity. The whole doctrine controlling the right of action on such instruments springs from this principle. But there are many exceptions to the enforcement of the doctrine. In the first place, even though the instrument might have been payable to order, if it remained unindorsed no right of action can ever pass to any holder of it, and upon proof of this fact a recovery at law without a bond of indemnity is always permitted. 2 Daniel, Neg. Inst., §§ 1481, 1484; *Rowley v. Ball*, 3 Cow. 303; *Bank v. Tillman*, 12 Ala. 215; *Hough v. Barton*, 20 Vt. 455; *Aborn v. Bosworth*, 1 R. I. 401.

Had the suit been brought on the lost instrument itself, the rendition of judgment without the execution of a bond of indemnity could easily have been sustained, for it was clearly established by uncontroverted testimony that the original note had never been indorsed by the payee, to whose order it was drawn. But no such question necessarily arises in this case. The action was not brought upon a lost instrument; it was brought on a note which was produced in evidence, and on which the judgment was rendered. In what manner the law governing actions on lost

instruments could be so far made applicable to this litigation as to require the court to compel the plaintiff to execute a bond of indemnity is not plain to be seen. Did the case require such an unusual extension of the rule, the answer is that there is nothing in the law governing actions on lost instruments calling upon the plaintiff to execute a bond of indemnity before his recovery. The case furnishes three answers to the suggestion: The original note was voluntarily destroyed, and such voluntary destruction would deprive the plaintiff of any right of action on the original instrument; the note had never been indorsed, and no holder of it could acquire a right of action thereon, save subject to the defense of the payment of the recovery in this action; and, lastly, no condition of surrender or destruction was attached to the delivery of this note, according to the verdict of the jury as rendered. This verdict was abundantly sustained by the testimony, and the plaintiff's right of recovery is fully supported by the record. No available error has been assigned by the appellant. The judgment of the court below should be affirmed.

REED and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*