Bissell, J.,
delivered the opinion of the court.
May brought suit against William A. Winship before a *356 justice, on a promissory note for $100, dated, in August, 1890, payable to the order of Benjamin & Co., and by that firm indorsed to May, before maturity. He procured a writ of attachment in aid of his suit, and caused it to be levied on certain property. The action was defended by Winship, and a claim of title to the property was put in by Hannah Win-ship, the defendant’s wife, by a petition of intervention, which she filed under the statute. On the trial judgment was entered for the amount of the note against Winship, and the justice found against the inter-venor on her petition. Winship ultimately appealed the case to the county court. Mrs. Winship took no steps to reverse the judgment against her. When the case came on for trial in the county court, it was heard on the main issue, and the intervenor then attempted to assert her rights and obtain an adjudication respecting the claim which she had set up. This application was denied, and the court held the proceedings in intervention were not before it, because the intervenor had failed to take any steps to appeal from the adverse finding. The note was not produced. The justice had failed to transmit it with the papers, and much search was made for it in his office, but the search was unsuccessful. Considerable evidence was offered respecting the loss, and testimony was offered as to its contents. The abstract does not contain the testimony on this subject. There is a very brief recital of it, which in no manner conveys the substance of the proof or expresses the effect of the evidence. On examination of the record, we find several witnesses were produced, who were able to state substantially the contents of the paper, its production at the time of the trial before the justice, and a search through the files and papers in that office to find it. The justice was not produced, and the evidence was confined to that of the attorneys who with him unsuccessfully searched the files, the records, and the places where such papers were kept. The only thing left at all in doubt was the exact date of the note, which was given the 20th and 24th of August, 1890. The defendant admitted on examination that the note which was *357 sued on before the justice and offered in evidence there, and on which the judgment was rendered, was signed by him, although he claimed to have paid it.
On this statement of facts, but two matters are presented to our attention. The first concerns the review of the proceedings respecting the title of the intervenor. It is insisted the appeal of the main case from the justice to the county court, and thence here, brings that matter before us, and entitles the intervenor to a review of the regularity and rightfulness of the judgment in the county court concerning her claim. In this matter, we must disagree with counsel. The question has been entirely set at rest by several decisions in the supreme court, where similar questions, if not the exact issue, have been under consideration. It has been adjudged that proceedings in intervention are independent of the main suit, and a right conferred on the claimant of property which has been taken under the process of attachment to assert his title relatively to the same extent as he might in a suit in replevin against the officer to recover the identical chattels. It is treated as an independent suit by the intervenor, who is entitled to all the remedies afforded by an appeal, if the judgment is against him. Wike et al. v. Campbell, 5 Colo. 126; McRobbie v. Higginbotham et al., 11 Colo. 312; Kinnear v. Flanders, 17 Colo. 11.
Under these circumstances, it is manifest the present appeal presents no question respecting the sufficiency of the petition, or the rightfulness of the judgment which the justice entered against the intervenor. She failed to appeal the case to the county court, was without the right of appeal from that to this, and although the record may contain much information respecting it, we are under no obligations to express any opinion about it. For this reason, the error which Winship assigns as based on that part of the record will be totally disregarded.
There is but one other error open to consideration. This is based on the sufficiency of the proof that the note was lost. There are several reasons why the error is not well laid. In *358 the first place, the facts were found against the appellant by the trial court, and we are at liberty to accept that finding as conclusive on his rights. He has failed to print the testimony in the abstract, and what has been preserved for our examination in no manner demonstrates any error as to this issue. Disregarding the last suggestion, the record was examined and the testimony read, and on it, as it stands in the bill of exceptions, we are quite of the opinion the court did not err in finding that the note was lost and in assuming the proof to be entirely ample and satisfactory to permit a recovery on the instrument. In some of its features, the case is vastly different from other actions which have. been brought on lost commercial paper. The original judgment was rendered in the justice court on the note, which was there produced. If the note was lost, it was the fault of the tribunal wherein the case was tried, for which the plaintiff was in no manner responsible, and no possible injury can ever come to the defendant therefrom. The note is long since due, and was at the time of the trial before the justice, and no person could acquire title as against the judgment creditor, nor could the defendant under any circumstances be forced to respond in an action brought on it. These circumstances take the case out of the operation of the rule which would compel the plaintiff to indemnify the defendants as against an action by any other person on the paper.. Mackey v. Mackey, 16 Colo. 134.
The case was tried without error. The evidence fully justifies the judgment, which will accordingly be affirmed.

Affirmed.