## No. 11,184.

### WOLF *v.* LARIMER COUNTY BANK & TRUST CO.

Decided April 26, 1926.

Action in replevin.   Judgment for plaintiff.

*Affirmed.*

1.  BILLS AND NOTES—*Promissory Note—Consideration.*   A pre-existing indebtedness constitutes a valuable consideration for a promissory note.

2.  *Renewal Note—Consideration.*   The validity of the consideration created by an antecedent debt is not affected by the fact that the old note is not surrendered, provided there is no agreement to return the old note, which has not been transferred to one other than the payee of the new note.

3.  CHATTEL MORTGAGE—*Indebtedness—Description.*   The mere fact that an indebtedness secured by a chattel mortgage is not described correctly does not vitiate it as against the rights of a third party unless the misdescription is of such serious character as to indicate  · or to prove that the parties to the mortgage intended to perpetrate a fraud, or was calculated to work a fraud.

4.  REPLEVIN—*Judgment.*   Where defendant took property to which plaintiff was entitled under a prior valid mortgage, the property not being returned a judgment for its value was proper.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Messrs. STOW & STOVER, Mr. W. K. LILLEY, for plaintiff in error.

Mr. JOHN H. SIMPSON, Mr. HERMAN W. SEAMAN, for defendant in error.

*Department One.*

Mr. Justice Adams delivered the opinion of the court.

Defendant in error, the Larimer County Bank and Trust Company, brought an action in replevin against Wolf, and obtained a money judgment against defendant for the value of the property sought to be recovered, in lieu of delivery of such property. Defendant Wolf brings the case here for review.

The property replevied consisted of hay and wheat. Each of the parties claimed it under conflicting chattel mortgages, covering the hay and wheat, and other personal property not here involved. The mortgages were all made by one C. A. Westerdoll. The mortgage under which plaintiff claimed, was dated and recorded December 10, 1920; it was given to secure Westerdoll's note for $50,000 payable to plaintiff, due in three years. The consideration was a prior indebtedness of Westerdoll's to plaintiff and another bank, the Loveland National.

Westerdoll had previously given plaintiff another mortgage as security for a less amount; the previous mortgage did not include the hay and grain. The new mortgage was taken for a better description of the chattels, also to get additional security for the payment of Westerdoll's combined indebtedness to the two banks. The amount of the new note was more than Westerdoll's previous indebtedness to the banks. Plaintiff says the additional sum was to cover interest to accrue, which defendant denies, the latter asserting that the additional amount was for future advances to Westerdoll, agreed upon but not carried out. Plaintiff bank denies that it was to advance Westerdoll any more money, the trial court apparently took plaintiff's view of it, and at best, plaintiff has realized only a small fraction of what Westerdoll owed it, regardless of the disputed question of an agreement for future advances. Westerdoll did not request the return or release of his old paper and the bank kept it with the new note and mortgage. The bank asserted its claim to the hay and grain under the chattel

mortgage dated December 10, 1920. The bank did not seek to enforce the old paper.

After the execution and recording of the Westerdoll mortgage to plaintiff, Westerdoll gave two mortgages to the Drovers Cattle Loan Company, one dated May 24, 1921, and recorded May 25, 1921, to secure a note for $2,896.03, and another dated June 6, 1921, recorded June 8, 1921, given to secure a note for $4,500. One of the latter mortgages covered the hay and the other the wheat. The defendant, Wolf, took both, claiming to have done so as agent for the mortgagee, under the two last named Drovers mortgages. When he took possession, it precipitated this replevin action against him. Westerdoll and the Drovers Company intervened; the court found against them and Wolf, as far as the hay and wheat is concerned, but Wolf only brings his objections to this court.

It will be observed that the chattel mortgage in favor of plaintiff to secure the Westerdoll $50,000 note is senior in point of time and record to the two Drovers mortgages. On the face of it, this would dispose of the case at the outset in favor of plaintiff, except that defendant claims that the $50,000 mortgage to plaintiff is void for various reasons, and asserts that by reason thereof, the rank of the two junior Drovers mortgages has advanced to first place. From this, all that we have to consider is the validity of the Westerdoll mortgage to plaintiff, under the law as it stood at that time—1920, regardless of subsequent acts of the legislature concerning chattel mortgages. If plaintiff's mortgage is good, the judgment must be affirmed, and if bad, reversed.

Defendant's first point is that there was no consideration for the $50,000 note to plaintiff, but the pre-existing indebtedness constituted a valuable consideration. C. L. 1921, § 3842; 8 C. J. p. 217, § 351; *Merchants' Bank v. McClelland,* 9 Colo. 608, 13 Pac. 723; *Lomax v. Colorado National Bank,* 46 Colo. 229, 237, 104 Pac. 92.

The validity of the consideration created by the antecedent debt is not affected by the fact that the old note is not surrendered, provided that there is no agreement to return the old note, and where the old note has not been transferred to one other than the payee of the new note. 8 C. J. p. 217, § 352.

The question of future advances has been eliminated; none were made, and we must presume from the judgment on conflicting evidence, that none were agreed upon.

The Westerdoll $50,000 note to plaintiff has been referred to as being collateral to Westerdoll's prior notes to the banks; the mortgage securing the collateral note included the hay and wheat not covered by the prior mortgage to plaintiff. But whether we look upon the $50,000 note as the principal obligation, or as collateral to the old, is immaterial, for in either case it was superior to the Drovers chattel mortgages.

The mere fact that the indebtedness secured by a mortgage is not described correctly, does not vitiate it, as against the rights of a third party, unless the misdescription is of such serious character as to indicate or to prove that the parties to the mortgage intended to perpetrate a fraud, or was calculated to work a fraud. *Metropolitan State Bank v. Wright,* 72 Colo. 106, 109, 209 Pac. 804; 11 C. J. p. 475, §§ 107, 108.

Without any unnecessary recital of the evidence, we remark that we find nothing in the record to even raise a suspicion of fraud on the part of the plaintiff, nor calculated to work a fraud. Since there was no fraud perpetrated or intended, and the bank has realized only a trifling percentage—between 5 per cent and 10 per cent—of Westerdoll's undisputed indebtedness to the banks, we do not regard an exact check of the amount of such total indebtedness as being of great importance. *Sargent v. Chapman,* 12 Colo. App. 529, 537, 56 Pac. 194.

The substance of the matter is that defendant, claiming under junior mortgages, took and detained personal property to which plaintiff was entitled, under a prior

valid mortgage, theretofore duly recorded. The property was not returned to plaintiff, and the judgment for the value, with the deductions as made, was proper. The judgment will be accordingly affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.