Harold R. SIDES, Plaintiff-Respondent,

v.

Tony MANNINO and Betty Mannino, Defendants-Appellants.

No. 30664.

St. Louis Court of Appeals.

Missouri.

June 13, 1961.

Rosenblum & Goldenhersh, Merle L. Silverstein, Clayton, for defendants-appellants.

Lloyd E. Eaker, Grantham, Eaker, Henry & Dempsey, Clayton, for plaintiff-respondent.

DOERNER, Commissioner.

This action was instituted by the plaintiff, the payee, on a promissory note executed by defendants. In addition to raising the defense of lack of consideration the defendants filed a counterclaim. Verdict and judgment below was for plaintiff in the sum of $4,246.75 on his cause of action, and in favor of plaintiff on defendants' counterclaim. In their appeal defendants raise no issue concerning the result reached on their counterclaim.

Plaintiff was engaged in the asphalt paving business under the name of Acme Asphalt Paving Company. In 1957, at the request of defendant Tony Mannino, plain-

tiff paved a parking lot on property owned by the defendants, located at 219 South Florissant Road, Ferguson, Missouri. Taking the view of the evidence most favorable to plaintiff, as we are required, it appears that under the oral agreement entered into plaintiff was to perform the work at the rate of $2.10 per square yard, and that after the job was completed, some time in the latter part of May, 1957, plaintiff presented the defendants a bill based upon the paving of an area of 1,526 square yards, plus a charge for extra rock defendant Mannino had requested for another purpose, or a total of $3,380.93. According to plaintiff, no objection was raised by defendants as to the amount of the bill, but it was not paid, and after some discussion, defendant Mannino requested plaintiff to prepare a note, to be due in 45 days, which he said he and his wife would sign. Plaintiff accordingly had his office girl prepare the note, took it to the home of defendants, and they both signed and delivered it to plaintiff. This note, introduced in evidence by the defendants, was for $3,380.93, dated November 18, 1957, and was payable to the order of plaintiff 45 days after date, together with interest from June 1, 1957 at the rate of 6% per annum.

After the first note fell due, and was not paid, plaintiff demanded payment. Defendant Mannino professed his then inability to pay, and it was agreed that defendants would execute a new note. Accordingly, plaintiff had his attorney prepare a second note to take the place of the first one. This note, introduced in evidence by the plaintiff, was likewise for $3,380.93, and was dated June 1, 1958. It was payable to the order of plaintiff one year after date, together with interest thereon at the rate of 6% per annum until maturity, and from maturity at the rate of 8% until paid, and provided that if not paid at maturity " * * * the undersigned further agrees to pay all costs of collecting, including a reasonable attorney's fee. * * * " Plaintiff took this note to the home of defendants,

and after a discussion with them regarding the terms of the note, defendants signed it and delivered it to plaintiff. On the same occasion defendant Mannino gave plaintiff a check for $202.85 in payment of the interest due for the period from June 1, 1957 to June 1, 1958, as provided by the first note. Plaintiff testified that the second note was executed to take the place of the first note, and conceded that he had not returned the first note to defendants.

Defendants' evidence was that plaintiff had agreed to pave the parking lot for the total sum of $1,500; that they executed the first note because: (1) plaintiff stated he would file a mechanic's lien against their property if they did not do so; (2) plaintiff stated the 45 days term of the note would give them time to get together, refigure the job, "and get the price down"; and (3), plaintiff stated he was going to borrow some money and needed the note for the security. As to the reason they executed the second note, defendant Mannino testified that plaintiff insisted that the $3380.93 was the price of the job. Questioned by his counsel, the following occurred:

" * * * Q. Did you say anything to him at that time about your ability to pay or not pay?

"A. It was too late. He done had me on the first note.

"Mr. Eaker: I'd like to object to that as being irrelevant and immaterial, if the Court please, as to his ability to pay at that particular time. He signed the note and that's what this law suit is on.

"Mr. Silverstein: I think it's important as to why he signed the second note when we still have one—

"The Court: I'll sustain the objection.

"Mr. Silverstein: May I make an offer, your Honor?

(Thereupon the following occurred out of the hearing of the jury.)

"Mr. Silverstein: I offer to prove that the defendant stated he did not have the thirty-three hundred dollars to pay this note at that time; he could pay him fifteen hundred dollars that's all, at which time Mr. Sides produced another note and said, 'Here's one for a year, you'll have a full year to go,' and Mr. Mannino then signed that note because it gave him a year's time. That's all."

Defendant stated that plaintiff did not return the first note, but he was never asked, and did not testify, on either direct or cross-examination, that he had demanded the return of the first note. However, when asked on cross-examination whether the second note had been signed by him to take the place of the first note, defendant answered, "I don't know. I guess it was, yes."

At the close of plaintiff's evidence defendants orally moved for a directed verdict on the grounds that plaintiff's evidence showed that the second note was given without consideration and that plaintiff had therefore failed to make a prima facie case. That motion was overruled, and defendants then proceeded to introduce evidence. No motion for a directed verdict, oral or written, was filed at the close of all the evidence. However, after verdict the defendants did file a motion titled "Defendants' Motion for Judgment or in the Alternative for a New Trial" in which they asked the court to enter judgment in their favor, notwithstanding the verdict, or in the alternative to grant them a new trial. The only pertinent grounds of that motion reads: "Defendants' motion for judgment in their favor at the conclusion of the plaintiff's case should have been granted, since the plaintiff's case did not manifest sufficient evidence, as a matter of law, to make a case against defendants." Defendants' first contention here is that "The trial court erred in failing to sustain a motion for judgment in favor of appellants since the evidence below unequivocally showed that the promissory note involved was executed by appellants without consideration."

Under the state of this record, the defendants are in no position to urge this point for the reason that they failed to file a motion for a directed verdict at the close of all the evidence, as required by Civil Rule 72.02 V.A.M.R., which superseded Section 510.290 RSMo 1949, V.A.M.S. Having proceeded to offer evidence after their motion for a directed verdict at the close of plaintiff's evidence was overruled, defendants thereby waived their right to complain of the court's action. Daniels v. Smith, Mo., 323 S.W.2d 705; Wilt v. Waterfield, Mo., 273 S.W.2d 290; Stephens v. Kansas City Gas Co., 354 Mo. 835, 191 S.W. 2d 601. And by failing to renew their motion for a directed verdict at the close of all the evidence, and offering instructions, the defendants, in effect, requested the court to submit the case to the jury and may not now raise the question of submissibility. Millar v. Berg, Mo., 316 S.W.2d 499; Lindsay v. McLaughlin, Mo.App., 311 S.W.2d 148. This is not a case where the defendant filed an insufficient or defective motion for a directed verdict at the close of all the evidence, as in Fletcher v. North Mehornay Furniture Co., 359 Mo. 607, 222 S.W.2d 789, or Oganaso v. Mellow, 356 Mo. 228, 201 S.W.2d 365. And see Millar v. Berg, supra. Here the defendants failed to file any motion, defective or otherwise, at the close of all the evidence. Ukman v. Hoover Motor Exp. Co., Mo., 269 S.W.2d 35; Lindsay v. McLaughlin, supra.

Nevertheless, under the discretionary authority given us by Rule 79.04, and to the end that no manifest injustice or miscarriage of justice will result, we have considered defendants' contention and find it without merit. The substance of their argument is that there was no consideration for the second note, on which this action was brought, because at the time it was executed there was no express promise or

agreement to forbear from enforcing the first note; and because the plaintiff did not return the first note to defendants. The evidence, however, including that of defendants plainly showed that it was the understanding and intent of both parties that the second note was to be a renewal note, and was to take the place of the first note. By accepting the second or renewal note in place of the first one, the plaintiff expressly agreed, in accordance with its terms, to give defendants additional time within which to pay the debt they owed him. This was a sufficient consideration for the renewal note. Minnesota Mut. Life Ins. Co. v. Manthei, Mo.App., 189 S.W.2d 144; Keyser v. Hinkle, 127 Mo.App. 62, 106 S.W. 98. Defendants did not seek or request the return of the first note at the time they executed the renewal note, and the mere fact that plaintiff did not return it to them at that time would not, in and of itself, invalidate the second note. 8 C.J. Sec. 352; 10 C.J.S. Bills and Notes § 150; Wolf v. Larimer County Bank & Trust Co., 79 Colo. 376, 246 P. 285; Mackey v. Mackey, 16 Colo. 134, 26 P. 554.

As stated, the renewal note contained a provision whereby the defendants agreed to pay all costs of collecting, including a reasonable attorney's fee, and plaintiff's petition included a prayer for the latter item. In support thereof plaintiff produced Thomas C. Boyle, of Clayton, Missouri, an attorney, for the general purpose of giving an opinion as to what would constitute a reasonable attorney's fee under the circumstances of this case. In propounding the hypothetical question designed to elicit the witnesses' opinion counsel for plaintiff asked the witness to assume the possibility that if a judgment was obtained there could be difficulties in collecting the judgment, and to further assume the possibility that the defendants might appeal from an adverse judgment. Defendants objected to the inclusion of these elements in the hypothetical question, and asked the court to declare a mistrial because the matters referred to were prejudicial to defendants. The court

sustained defendants' objection, but overruled their request for a mistrial, and this refusal is the basis of their second point on appeal.

■ As defendants frankly concede in their brief, a wide discretion is vested in the trial court in matters of this nature, and an appellate court will not interfere unless there has been a manifest abuse of discretion. Davis v. Terminal R. Ass'n of St. Louis, Mo., 299 S.W.2d 460; Millard v. St. Louis Public Service Co., Mo.App., 330 S.W.2d 147. We cannot believe that the defendants were prejudiced because the question propounded included the elements mentioned, to which defendants' objection was sustained. The matter was again specifically brought to the attention of the court in defendants' motion for a new trial, and it must be assumed that he again reached the conclusion that the question had no effect on the minds of the jury. Millard v. St. Louis Public Service Co., supra. To some extent this is borne out by the fact that, after the elements objected to were eliminated, the witness gave it as his opinion that a reasonable attorney's fee in this case would be 25% of the amount collected, whereas the jury allowed a fee of only $400, or about 10% of the principal and interest due. The case of Wood v. St. Louis Public Service Co., 362 Mo. 1103, 246 S.W.2d 807, cited by defendants, in which a highly inflammatory argument to the jury was condemned, furnishes no support for defendants' argument that the court should have declared a mistrial in this case.

■ At the request of the plaintiff the court instructed the jury, by instruction No. 3, that if it found the issues in favor of plaintiff on plaintiff's cause of action it should allow him the principal amount of the note, $3380.93, plus interest of $202.85 (at 6% to maturity) and of $262.79 (at 8% after maturity to May 1, 1960), totaling $3846.57, "plus reasonable attorney's fees of ———." In their final point defendants criticize this instruction because it directed

the jury's verdict as to the amount of interest to be found due, and because it gave the jury a roving commission as to the amount that might be allowed for an attorney's fee. We find no merit in the first contention. There was no controversy as to the rate of interest, and its ascertainment was only a matter of mathematical calculation, which it was proper for the court to make. Home Trust Co. v. Josephson, 339 Mo. 170, 95 S.W.2d 1148. Schulte v. Crites, Mo.App., 318 S.W.2d 387. Defendants' second exception to the instruction is technically correct. In determining what might constitute a reasonable attorney's fee the jury was not restricted to a consideration of the evidence introduced on that subject, and thus was given a roving commission to determine the amount without any standard to guide it. It does not follow, however, that the instruction was prejudicial merely because it was erroneous. Plaintiff's evidence as adduced from his expert witness was that a fee of 25% of the principal and interest collected would be a reasonable fee. The jury allowed only $400, or approximately 10%. Defendants make no claim here that the verdict is excessive. There is abundant authority to the effect that where the damages awarded are not excessive and fairly represent the damages shown by the evidence, an erroneous instruction upon the measure of damages will not constitute reversible error. Wilcox v. Swenson, Mo., 324 S.W.2d 664; Blydenburgh v. Amelung, Mo.App., 309 S.W.2d 150.

For the reasons stated, the judgment should be affirmed, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is affirmed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.