**Lewis BLACK, (Plaintiff) Respondent,**

v.

**Alvin John HIGHLEY, (Defendant) Appellant.**

**No. 31756.**

St. Louis Court of Appeals.

Missouri.

Sept. 15, 1964.

H. L. C. Weier, Dearing, Richeson, Weier & Roberts, Hillsboro, for appellant.

Robert A. McIlrath, Flat River, for respondent.

JAMES D. CLEMENS, Special Judge.

Defendant appeals from a $1,000 judgment for damages to plaintiff's automobile. Defendant complains that the trial court restricted his cross-examination of plaintiff's driver, and of plaintiff's verdict-directing and damage instructions. Only a brief recital of the facts will be necessary.

In St. Francois County, Highway 8 runs east and west, and intersects with Highway P. Plaintiff's daughter was driving his automobile west on Highway 8, and defendant was driving his automobile east on Highway 8. The two cars approached each other near the intersection of Highway P. Plaintiff's daughter intended to continue on to the west, and defendant intended to turn to his left into Highway P. Defendant made his left turn in front of plaintiff's automobile, and plaintiff's front end struck defendant's right rear corner as he was making his left turn.

During defendant's cross-examination of the plaintiff's driver, defendant asked if she could have driven to the south (left) side of Highway 8 without interfering with any on-coming traffic. Plaintiff objected on the ground that it was immaterial. (This objection seems to have been on the ground that her contributory negligence was not pleaded nor a defense.) The trial court sustained the objection. The same matter had just been covered by defendant's cross-examination of the driver. He had twice asked her if there was any other eastbound traffic in the south lane, and she had answered that there were no other cars and that the lane was open. Defendant cites the case of Hoffman v. Illinois Terminal Railroad, Mo.App., 274 S.W. 2d 591, holding it is error for a trial court "to cut off all inquiry" on a material subject. That was not done here, and the court's ruling was within its broad powers to limit the scope of cross-examination. Eickmann v. St. Louis Public Service Co., Mo., 323 S.W.2d 802, 807(5). Particularly so because the witness' answer to the previous questions covered the question asked. Hall v. Clark, Mo., 298 S.W.2d 344(15); and Roach v. Kansas City Public Service Co., Mo., 141 S.W.2d 800(8, 9).

We next consider defendant's two attacks on plaintiff's verdict-directing instruction. Plaintiff pleaded, and by his verdict-directing instruction submitted, negligence by the defendant in making a left turn from

Highway 8 into Highway P "before crossing the intersecting center line of Highway P." It was plaintiff's evidence that the defendant did not pass the center of the intersection before turning left, but began his left turn before reaching that point. Defendant argues that this submission is erroneous because it is based on the old statute, Section 304.020, RSMo 1949, rather than the new repealing and amending statute, Laws of 1953, page 587, Section 1, now Section 304.018, par. 1(2), RSMo 1959, V.A.M.S. The former statute required that a, motorist intending to make a left .turn should go past the center of the intersection before turning to the left. The present statute requires only that such a left-turning motorist leave the intersection to the right of the center line of the highway being entered. The defendant further complains here that the plaintiff's verdict-directing instruction omitted a requirement that the defendant made his left turn at a time when the plaintiff's automobile was so close to the intersection as to constitute an immediate hazard. He cites Lincoln v. Railway· Express Agency, Inc., Mo., 359 S.W. 2d 759.

Before considering the merits of these' assignments, we note that when the instruction was given the defendant made only a general objection, and in his motion for a new trial his allegations of error were: "Because the Court erred in giving and reading to the jury instruction No. 1 offered by the plaintiff, in that the said instruction improperly hypothesized facts which were not a part of the evidence; improperly assumed facts which were not proved in evidence; and failed to hypothesize facts on which the jury might make a finding of negligence; that said Instruction was further erroneous in that the directions and references therein with respect to the highways involved at that intersection were confusing and the jury could not determine the directions referred to nor the references to the respective highways involved at the intersection." Rule 79.03, V.A.M.R. requires: "If any specific objections to instructions

have not been made at the trial before submission to the jury, then such specific allegations of error in instructions must be set forth in the motion for a new trial· to preserve the error for review." The first point defendant raises here is that the trial court erred in giving the verdict-directing instruction by "submitting the hypothesis of turning left before passing the center of the intersection." The other point defendant raises here is that the trial court further erred in giving the verdict-directing instruction because it does not "hypothesize the factor of distance" between the defendant's left-turning vehicle and the plaintiff's on-coming vehicle, thereby permitting the jury to speculate on the issue of the defendant's negligence. The two allegations of error here are specific, but by examining the above motion for a new trial, it is apparent that it contains no such specific allegations of error.

In Ayres v. Keith, Mo., 355 S.W.2d 914(1, 2), the Supreme Court said: "None of those assignments point out with any degree of definiteness *what* is actually claimed to be wrong with the instruction in such a manner that the trial court and the appel-. late court may immediately perceive the point; nor do they in anywise assure this. court that the sundry points now argued. (and which have been particularized sub-. stantially) were actually presented to the, trial court. They are insufficient under our rule." See also Hartz v. Heimos, Mo., 352 S.W.2d 596(5), and State ex rel. Board of Regents for Central Mo. State College v. Moriarty, Mo.App., 361 S.W.2d 133(9). We hold that these assignments of error come too late, and preserve nothing for review. To do otherwise would convict the trial court of errors never presented for its consideration.

We pass now to defendant's attack on plaintiff's measure of damage instructions. Plaintiff's evidence was that his automobile had a reasonable market value of $1,200 to $1,300 before the collision and a reasonable market value of $50 to $100 after the colli-

sion. The $1,000 verdict was within those limits. Defendant's evidence was that the reasonable market value of the automobile was $900 before the collision.

Defendant says plaintiff's measure of damage instruction failed to refer to the proper standard of value in determining the damage. The instruction authorized recovery "for the difference between the value of his motor vehicle immediately before and immediately after the collision." Defendant cites the cases of Thomson v. Bast, Mo.App., 309 S.W.2d 667(5), and Brunk v. Hamilton-Brown Shoe Co., 334 Mo. 517, 66 S.W.2d 903(23), stating that the correct basis for damage to personal property is the difference between the *reasonable market value* of the property before and after injury to the property. It is defendant's contention that the given instruction was erroneous in omitting the qualifying words, "reasonable market" as applied to "value". The two cited cases state the proper rule, using the phrase "reasonable market value," but in both those cases the plaintiff gave only a *general* damage instruction and failed to use any language as to the before-and-after rule. So, they do not rule the issue, here, whether the instruction was erroneous in failing to qualify the word "value" by the phrase "reasonable market."

In the cases of Globe & Rutgers Fire Ins. Co. v. Chicago & A. R. Co., 174 Mo.App. 542, 160 S.W. 907(6), the term "reasonable value" was upheld against an attack that the omission of the word "market" constituted error. In view of the many cases approving the term "reasonable market value;" we cannot approve the use of the word "value" alone. However, we are constrained by Rule 83.13(b) V.A.M.R. to reverse a judgment only for errors "materially affecting the merits of the action." A failure to correctly state the measure of damages is not always prejudicial error. Randall v. Steelman, Mo.App., 294 S.W.2d 588(9), and Jenick v. Harrigan, Mo.App., 217 S.W.2d 764(6). Here, the $1,000 verdict is not excessive and fairly represents the damages shown by the evidence. In such cases an erroneous instruction on the measure of damages is not reversible error. Sides v. Mannino, Mo.App., 347 S.W.2d 391 (12), and LaPlant v. E. I. DuPont De Nemours, Mo.App., 346 S.W.2d 231(23). We rule this point against defendant, without considering the further issue of defendant's duty to have offered a clarifying instruction. Parenthetically, it is interesting to note that Missouri Approved Instruction 4.01, not yet in force, would simply tell the jury to award the plaintiff such sum as would satisfy and justly compensate him for the "damages" he sustained.

There being no reversible error properly presented for review, the judgment is affirmed.

RUDDY, P. J., and WOLFE, J., concur.

ANDERSON, J., not participating.