Andrew J. FRISELLA, by his guardian, Vera Frisella, Respondents,

v.

RESERVE LIFE INSURANCE COMPANY OF DALLAS, TEXAS, Defendant.

No. 40072.

Missouri Court of Appeals, Eastern District, Division One.

May 22, 1979.

Eric F. Tremayne, Tremayne, Lay, Carr & Bauer, Clayton, for defendant.

Charles J. McMullin, St. Louis, for respondents.

GUNN, Judge.

Plaintiff-respondent Andrew Frisella through his wife-guardian brought suit against defendant-appellant Reserve Life Insurance Company for a refund of insurance premiums paid during a period of disability, together with interest, penalty and attorney's fees for vexatious refusal to pay the claim. The jury found in favor of the Frisellas except for the penalty and returned a verdict for $4,414 for premium refund, $529.68 in interest and $3,500 in attorney's fees. The verdict specifically provided that there was to be no recovery for penalty. Reserve Life has appealed claiming, among other things, that the trial court erred in failing to grant its motion for directed verdict.

Andrew Frisella was the insured for $50,000 under a policy of life insurance issued by Reserve Life. A rider to the policy provided for waiver of premiums upon receipt of proof by the insurer that the in-

sured had become totally disabled. The Frisellas presented evidence that Andrew Frisella had become totally disabled by reason of a mental defect sometime in 1968. Claim for refund of premium was filed in February, 1976, and Reserve Life denied the claim except for a refund of one-quarter year's premium based on the policy's declared limitation. At the close of the evidence, Reserve Life filed a motion for "summary judgment" which it claims to be a motion for directed verdict. The trial court denied the motion which forms the underlying complaint for Reserve Life's appeal.

As a preliminary matter to reaching a denouement to this case, we consider the Frisellas' contention that Reserve Life failed to file a motion for directed verdict at the close of the case and is therefore barred from raising the submissibility of the plaintiffs' case on appeal. The Frisellas are correct in their assertion that the record of proceedings at the close of the evidence is destitute of a motion captioned "motion for directed verdict." At the close of the Frisellas' evidence and again at the close of all the evidence, Reserve Life made oral motions for judgment as a matter of law but erroneously referred to such motions as motions for summary judgment. The trial court denied both motions, and Reserve Life filed an after trial motion for new trial and an alternative motion to set aside the verdict and enter judgment in accordance with its motion for directed verdict which had been inadvertently designated as a motion for summary judgment. The latter after trial motion had also been incorrectly captioned as a motion for directed verdict. The after trial motions were argued and overruled with the trial court correctly considering and treating them as being properly designated as motion for judgment notwithstanding the verdict and motion for new trial. We believe that Reserve Life's after trial motions, although inelegantly presented and not a paradigm to follow, were sufficient to preserve its points of error for our review. This is so particularly as the trial court readily understood and treated the motions for their proper pur-pose—as motions for judgment n. o. v. and new trial.

Of course, in a jury case the proper method of preserving the issue of submissibility of a plaintiff's case for appellate review is to submit a motion for directed verdict with the trial court at the close of plaintiff's case and again at the close of all evidence. Thereafter, in the event of an adverse judgment, the defendant should assign the trial court's failure to direct the verdict as error in an after trial motion for new trial or either a motion for judgment notwithstanding the verdict or in a motion to set aside the verdict and judgment and enter judgment for defendant. *Sides v. Mannino,* 347 S.W.2d 391 (Mo.App.1961); *Millar v. Berg,* 316 S.W.2d 499 (Mo.1958); *Milner v. Texas Discount Gas Co.,* 559 S.W.2d 547 (Mo.App.1977); *Zellmer Real Estate, Inc. v. Brooks,* 559 S.W.2d 594 (Mo.App.1977); *Shobe v. Borders,* 539 S.W.2d 330 (Mo.App.1976); *Herrman Lumber Co. v. Cox,* 521 S.W.2d 4 (Mo.App.1975); *Wilkerson v. State Farm Mut. Auto. Ins. Co.,* 510 S.W.2d 50 (Mo.App.1974); *Pasley v. Newton,* 455 S.W.2d 43 (Mo.App.1970); *Manning v. McAllister,* 454 S.W.2d 597 (Mo.App. 1970). The Frisellas are correct in their contention that the failure to move for a directed verdict at the close of all the evidence waives, upon appeal, the contention that plaintiff failed to make a submissible case. *Sides v. Mannino,* supra; *Herrman Lumber Co. v. Cox,* supra; *Pasley v. Newton,* supra; *Manning v. McAllister,* supra. However, Reserve Life did move for a directed verdict at the close of all evidence although the motion was not so captioned. But the trial court certainly understood and considered it to be a motion for directed verdict. While the motion for directed verdict must state the basis for the motion with some particularity, *Wilkerson v. State Farm Mut. Auto. Ins. Co.,* supra, a liberal construction should be applied in construing the assignment made, particularly if the defect which is the subject of the motion is apparent, *Gillenwaters Bldg. Co. v. Lipscomb,* 482 S.W.2d 409 (Mo.1972), or if the motion and oral argument in support sub-

stantially comply with the requirements for a motion for directed verdict. *Schubert v. St. Louis Public Service Co.,* 206 S.W.2d 708 (Mo.App.1948), aff'd 358 Mo. 303, 214 S.W.2d 420 (1948).[1] See also, *Brown v. Gamble Const. Co.,* 537 S.W.2d 685 (Mo.App. 1976); *Stafford v. Far-Go Van Lines, Inc.,* 485 S.W.2d 481 (Mo.App.1972). Such is the situation in this case. While desultory, the motions and argument were not so in need of emendation or so nubilous as to destroy their purpose. The contention that a defendant has not preserved or presented to the trial court its ground of error based on a claimed failure in plaintiff's proof lacks validity if the record indicates that the trial court was fully aware of defendant's position. *Brown v. Gamble Constr. Co., Inc.,* supra; *Rothweiler v. St. Louis Public Service Co.,* 224 S.W.2d 569 (Mo.App.1949), *rev'd on other grounds,* 361 Mo. 259, 234 S.W.2d 552 (banc 1950). The record here established that the trial court was fully aware of Reserve Life's contention that it was entitled to a directed verdict as a result of the policy's provisions limiting the Frisellas' recovery of premium refunds to one year prior to the filing of the claim. The foundation supporting Reserve Life's after trial motions was stated in the oral motion for directed verdict and fully presented to the trial court to the extent that the intent of the motion was clearly understood and treated by the trial court as motion for directed verdict despite the erroneous designation of the motion. The claimed errors were thereby preserved for our review.

■ We now turn to the cynosure of the case concerning Reserve Life's obligation to refund premium payments made during the period of disability of the insured. As here pertinent, the waiver of premium rider, including notice provisions, which was introduced by the Frisellas, provides as follows:

> *Benefits.* The Company upon receipt of due proof that the Insured is totally disabled, as defined below, will

> (a) Waive the payment of each premium under the policy which becomes due during the period of total disability, and

> (b) Refund any premium which became due and was paid during the period of such total disability but refund will be limited to such premiums paid within one year prior to the date written notice of claim was filed with the Company,

> Provided

> (a) The Insured has been totally disabled continuously for not less than six months, and

> (b) Such disability commenced after the Effective Date and before the policy anniversary nearest the 60th birthday of the Insured.

> \*　\*　\*　\*　\*　\*

> *Notice of Claim.* No claim for benefits under this rider shall be valid unless written notice of the total disability on which the claim is based is given to and received by the Company during the lifetime of the Insured and during the continuance of total disability. Failure to give such notice within such time shall not invalidate any claim if it shall be shown that it was not reasonably possible to give it within such time and that such notice was given as soon as was reasonably possible.

The Frisellas' evidence was that sometime in 1968, Andrew Frisella developed some characteristics of presenile dementia. His mental condition deteriorated through subsequent years culminating in his being declared mentally incompetent in September, 1975. Notice to Reserve Life of claim for refund of premium based on disability was given by Mrs. Frisella dated February 18, 1976. Reserve Life thereupon waived any further premium payments and refunded $168.55 which had been paid by the Frisellas covering the last quarter period of 1975. The Frisellas claim that under the policy provisions, Reserve Life was obligated to

---

1. The motion for directed verdict can preserve a claimed error in a jury tried case although the error is not specified in the motion for new trial and the error specified in the motion for direct-

ed verdict does not parallel the error claimed on appeal. *Welch v. Hesston Corp.,* 540 S.W.2d 127 (Mo.App.1976).

make premium refund of $4,414 based on premiums paid from 1968 when signs of Mr. Frisella's enervating illness were first signalled. Reserve Life asserts, inter alia, that the policy provision limits its liability for the refund of premiums to those paid within one year prior to the date written notice of the claim was filed. It is clear that the policy of insurance does so specifically provide for the limitation. Under the established law, the terms of the policy are controlling, and the Frisellas must be limited in their recovery under the terms of the policy to a refund of premiums "paid within one year prior to the date written notice of claim was filed with [Reserve Life]." To the extent that it exceeds such amount and provides for penalty, except for interest on the amount owed, the judgment is hereby reversed.

 An insurance policy is simply a contract, involving matters of basic contract law. *Stahlberg v. Travelers Indem. Co.*, 568 S.W.2d 79 (Mo.App.1978); *Huth v. General Acc. & Life Assur. Corp., Ltd.*, 536 S.W.2d 177 (Mo.App.1976). The insurance company's liability is determined by the terms of the contract of insurance as contained in the policy. *Levin v. State Farm Mut. Auto. Ins. Co.*, 510 S.W.2d 455 (Mo. banc 1974). In order to be eligible for waiver of premiums, the Frisellas as claimants had to give written notice to Reserve Life of Mr. Frisella's total disability. Thus, before any recovery could be had under the waiver of premium rider the Frisellas had the burden of proof that they had complied with the terms of the policy regarding notice. *Northwestern Mut. Ins. Co. v. Independence Mut. Ins. Co.*, 319 S.W.2d 898 (Mo. App.1959).

 The Frisellas observe that Reserve Life failed to plead the matter of notice as an affirmative defense and are thereby barred from raising that issue now. The matter of giving notice was not—as the Frisellas contend—a subject of affirmative defense which they claimed was not pleaded. Rather, notice was a condition precedent to their recovery of premiums paid while under disability. Their proof of compliance with the condition precedent was absolutely essential to their recovery under the terms of the policy. *See, McNeal v. Manchester Ins. & Indem. Co.*, 540 S.W.2d 113 (Mo.App.1976). As stated in *Grossman Oil & Steel Co. v. Bituminous Cas. Corp.*, 558 S.W.2d 255, 259 (Mo.App.1977): "The insured must, of course, bring himself within the terms of the policy and prove by substantial evidence that the claim sued on is within the coverage provided by the terms of the insurance contract."

Next, after receipt by the company of proof of disability, the policy provides that recovery of premium refund is limited to those paid within one year prior to the date of the claimant's written notice of claim. In this case, the Frisellas' own evidence was that the critical date of alleged proof of disability and written notice of claim to Reserve Life was February 18, 1976. Thus, whether raised affirmatively or not, Reserve Life's liability for refund of premiums is specifically limited under the terms of the policy to those paid for the year prior to February 18, 1976, and no more. The Frisellas in making their prima facie case through the introduction of the insurance policy and by Mrs. Frisella's testimony of filing claim and notice of disability established the one year limitation by their own evidence. *Grossman Iron and Steel Co. v. Bituminous Cas. Corp.*, supra. It was the Frisellas' evidence which solidly placed the limitation of premium waiver before the trial judge and jury, and the jury was thereby interdicted from concerning itself with more than the one year liability limitation for premium refund. So by the paradox of the Frisellas' submission of the insurance policy with its condition and Mrs. Frisella's testimony regarding the filing of the claim, the issue of affirmative defense is made immaterial. *Billings v. Independent Mut. Fire Ins. Co.*, 251 S.W.2d 393 (Mo.App.1952).

 The Frisellas postulate that the "Notice of Claim" provision of the premium waiver rider providing that " . . . [f]ailure to give such notice [of total disability] within such time [lifetime of the in-

sured] *shall not invalidate any claim . . .,*" [2] blots out any one year limitation. The Frisellas read the foregoing language of the policy to mean that there can be no limitation placed on any claim by failing to give proper notice. We disagree with their interpretation. The one year premium waiver limitation is affixed to the date of notice of claim—in this case February 18, 1976. The "[f]ailure to give such notice" phrase refers to the immediately preceding language specifying that notice of claim for waiver and the refund of premium is to be provided during the lifetime of the insured and during the continuance of total disability. The quoted language merely provides that the insured's claim will not be invalid if not asserted before the insured dies or disability terminates. The claim is not invalid, but the benefits continue to be limited as provided by the terms of the policy. The one year premium refund liability is firmly interlaced with the notice provisions of the policy's waiver rider. *Aetna Life Ins. Co. v. Durwood,* 278 S.W.2d 782 (Mo.1955).

 On appeal Reserve Life has argued that the Frisellas were entitled to no premium refund whatsoever as there was no proof of disability by virtue of the fact that Mr. Frisella continued to receive substantial annual payments from the corporation bearing his name. Ordinarily the determination of whether an insured is totally disabled is a question of fact to be resolved by the jury. *Stout v. Central Nat'l Life Ins. Co.,* 522 S.W.2d 124 (Mo.App.1975); *Cox v. Washington National Ins. Co.,* 520 S.W.2d 76 (Mo.App.1974). And there was evidence for the jury to consider that Mr. Frisella was totally disabled since 1968. He was feckless and phlegmatic in his daily routine at his office. The fact that a salary was given to him by his company was more in the nature of a gift than for any work performed. Credibility of witnesses and weight to be given to their testimony is a matter for jury resolution. *Davis v. Fiske,* 578 S.W.2d 328 (Mo.App.1979); *Casada v. Hamby Excavating Co., Inc.,* 575 S.W.2d

851 (Mo.App.1978); *Wilkens v. Cash Register Service Company,* 518 S.W.2d 736 (Mo. App.1975). We find no basis for interfering with the jury's finding that Mr. Frisella had been disabled since 1968. The mere fact that Mr. Frisella received monetary benefits from his company did not disqualify him from being eligible for the one year waiver of premium provided by the policy. See, e. g., *Wiener v. Mut. Life Ins. Co. of New York,* 352 Mo. 673, 179 S.W.2d 39 (1944); *Heald v. Aetna Life Ins. Co.,* 340 Mo. 1143, 104 S.W.2d 379 (1937); *Stout v. Central National Life Ins. Co.,* supra; *Cox v. Washington Nat'l Ins. Co.,* supra; *Montgomery v. Travelers Protective Ass'n of America,* 434 S.W.2d 17 (Mo.App.1968); *Tenkhoff v. New York Life Ins. Co.,* 191 S.W.2d 1005 (Mo.App.1946); *Burns v. Aetna Life Ins. Co.,* 234 Mo.App. 1207, 123 S.W.2d 185 (1939); *Rogers v. Metropolitan Life Ins. Co.,* 122 S.W.2d 5 (Mo.App.1938).

 Reserve Life also argues that the trial court erred in allowing Mrs. Frisella to testify in the narrative; that a mistrial should have been declared when testimony was introduced that Reserve Life had refused all offers to settle the case. As the Frisellas correctly respond, the trial court has considerable discretion in controlling the examination of witnesses, *Hoene v. Associated Dry Goods Corp.,* 487 S.W.2d 479 (Mo.1972), including whether in the narrative. *State v. Wren,* 498 S.W.2d 806 (Mo. App.1973). We find no abuse of discretion here. As to the reference to settlement, there was no harm to Reserve Life. In fact the testimony would appear to be beneficial to it as asserting the strength of its position as to absence of liability by rejecting plaintiff's efforts to settle the case. See *Aiple v. South Side National Bank,* 442 S.W.2d 145 (Mo.App.1969). But while we find no error in this particular case with the settlement testimony, reference to compromise discussions by either party is fraught with danger and should be eschewed. *Vinyard v. Herman,* 578 S.W.2d 938 (Mo.App.1979).

 The final matter to be considered is the award of attorney's fees as penalty for vexatious refusal to pay the

**2.** Emphasis added.

Frisellas' claim. Section 375.420, RSMo Supp.1975 by which the Frisellas seek the attorney's fee penalty, is penal in nature and must be strictly construed; that is, the insurer's conduct in denying the claim must be without reasonable cause or excuse. *Bassett v. Federal Kemper Ins. Co.*, 565 S.W.2d 823 (Mo.App.1978); *Hay v. Utica Mut. Ins. Co.*, 551 S.W.2d 954 (Mo.App. 1977). The mere fact that there is a jury verdict adverse to the insurer does not make it liable for attorney's fees. Obviously with the result reached in this decision, Reserve Life did have a reasonable and meritorious defense to the Frisellas' claim and cannot be subjected to payment of vexatious damages or attorney's fees under § 375.420. *Hay v. Utica Mut. Ins. Co.*, supra.

For the reasons set forth in this opinion, the judgment below is modified by entering judgment in favor of the Frisellas and against Reserve Life for the refund of premiums paid by the Frisellas for the one year prior to February 18, 1976, together with interest thereon. In all other respects the judgment is reversed.

Judgment modified and reversed.

SNYDER, P. J., and SMITH, J., concur.