John D. ANDREWS, Plaintiff-Appellant,

v.

TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a corporation, Defendant-Respondent.

No. 50562.

Missouri Court of Appeals,
Eastern District,
Division One.

July 22, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Sept. 10, 1986.

Application to Transfer
Denied Oct. 14, 1986.

David J. Mullett, Granite City, Ill., Douglas P. Dowd, St. Louis, for plaintiff-appellant.

Robert C. Ely, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from a verdict and judgment against him in a Federal Employers' Liability Act lawsuit. We affirm.

■ On appeal plaintiff raises two issues and a third contention that the cumulative effect of the first two warrant new trial. The first contention is that the trial court committed plain error in allowing defense counsel to refer to settlement negotiations during argument. On one occasion when such reference was arguably made no objection was interposed. On the second occasion an objection was interposed and sustained, and plaintiff requested no further relief. The arguments were made in reply to plaintiff's argument that the railroad does not care about the plaintiff and simply used him up and discarded him. The response was that plaintiff had refused payment of his loss of earnings during the time his surgeon said he was disabled. Plaintiff claimed permanent total disability. While plaintiff contends that his argument was directed to the occurrence which caused plaintiff's injury, it was certainly ambiguous enough to support a belief that it referred to the railroad's refusal to pay the plaintiff for the injury. The trial court has broad discretion in the area of closing arguments. *Lewis v. Bucyrus-Erie, Inc.*, 622 S.W.2d 920 (Mo. banc 1981) [6, 7]. Reference to compromise discussions is fraught with danger and should be eschewed. *Frisella v. Reserve Life Ins. Co. of Dallas*, 583 S.W.2d 728 (Mo.App. 1979) [19]. Here plaintiff raised no objection on one occasion and obtained all the relief sought on the second. We are unable to find an abuse of the trial court's discretion in failing to give relief never requested, particularly in view of the retaliatory nature of the argument.

■ Secondly, plaintiff contends the trial court erred in allowing references to plaintiff's prior claim and lawsuit against the defendant for back injuries previously sustained. While plaintiff's attorney told the jury in opening statement that plaintiff was only seeking damages for the present injury and not the earlier back injury both plaintiff and his doctor testified concerning aggravation of the prior back condition. It was therefore relevant for defendant to develop the extent of the prior back injury and to read from the prior petition the detailed description of that injury and the allegations concerning its serious and permanent nature. *Grayson v. Pellmounter*, 308 S.W.2d 311 (Mo.App.1957) [5]. It is not plaintiff's option to determine the extent to which the jury will be informed of a prior injury for which he now claims aggravation damages.

Finding no error in either of plaintiff's points there is no cumulative error.

Judgment affirmed.

SNYDER, C.J., and CARL R. GAERTNER, P.J., concur.