Martin G. MILLAR, Respondent,

v.

E. A. BERG, Appellant.

No. 46478.

Supreme Court of Missouri,

Division No. 1.

Sept. 8, 1958.

Motion for Rehearing or to Transfer to Court En Banc or to Modify Opinion Denied Oct. 13, 1958.

As Modified on Court's Own Motion Oct. 13, 1958.

Evans & Dixon, John C. Shepherd, St. Louis, for appellant.

Henry Ebenhoh, Walter S. Berkman, St. Louis, for respondent.

COIL, Commissioner.

Plaintiff below claimed $25,000 as damages for personal injuries allegedly sustained when he was struck by an automobile owned and operated by defendant. The jury found for plaintiff and assessed his damages at $4,500. The trial court sustained plaintiff's motion for new trial on the issue of damages only on the ground that the verdict was grossly inadequate. Defendant, who filed no after-trial motion, has appealed and contends that the court erred because it should have sustained defendant's motion for a directed verdict at the close of all the evidence (and thus that plaintiff was not entitled to any damages) and because the trial court abused its discretion in finding that the $4,500 verdict was grossly inadequate. Plaintiff below, respondent here, contends that the alleged error of the trial court in overruling defendant's motion for directed verdict at the close of all the evidence has not been properly preserved for appellate review; that, in any event, the trial court correctly overruled defendant's motion for a directed verdict; and that the trial court did not abuse its discretion.

In Ukman v. Hoover Motor Express Co., Mo., 269 S.W.2d 35, plaintiff had the verdict, defendant's motion for new trial was overruled, and defendant appealed from the ensuing judgment. Defendant contended that plaintiff had failed to make a submissible case and that the trial court had erred in giving an instruction. Defendant had failed to move for a directed verdict at the close of all the evidence and had failed in any after-trial motion to assign as error the action of the trial court in submitting the case.

After reviewing the pertinent statutes, we there said: "It appears from the foregoing statutory provisions that it is necessary in jury-tried cases, in order to preserve the question of submissibility for appellate review, to file a motion for directed verdict at the close of all the evidence and to assign the error of the court in having failed to have directed such a verdict in an after-trial motion, either one for a new trial or one to set aside a verdict and judgment and enter judgment for the opposite party." 269 S.W.2d 36 [1]. We then cited a number of cases involving somewhat analogous problems and pointed out that in all of those cases where a review of the question had been had, there had been either a motion for directed verdict filed at the close of all the evidence or an after-trial motion specifically raising the issue. In the Ukman case, defendant had properly preserved for appellate review his new-trial assignment that plaintiff's instruction submitting defendant's humanitarian negligence was not supported by any evidence, and thus the question of submissibility had to be determined in any event. Consequently, we specifically reserved and refused to pass upon the question "whether defendants' failure to properly preserve the question of submissibility for appellate review would

prevent our examination thereof, or would require in this case, or if not, in what cases, the application of Supreme Court Rule 3.27, 42 V.A.M.S." 269 S.W.2d 37.

We did not refer in the Ukman case to Supreme Court Rule 3.23, 42 V.A.M.S., which provides in part: "Allegations of error, in order to be preserved for appellate review, *must* be presented to the trial court in a motion for new trial; except * * * questions authorized by Section 113 [V.A. M.S. § 510.290] to be presented in a motion for judgment, * * *." (Italics ours.) Section 510.290 (all section numbers herein are RSMo 1949, V.A.M.S.) provides in part: "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within ten days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned, such party, within ten days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative * * *."

Thus, under the provisions of S.C.Rule 3.23, supra, an allegation that the trial court erred in denying a motion for directed verdict filed at the close of all the evidence is not an allegation which "*must* be presented to the trial court in a motion for new trial." It is clear to us, however, that the reason the exception noted above was set forth in S.C.Rule 3.23, supra, was because there was a specific statutory method set forth in Section 510.290, supra, for after-trial presentation of that alleged error in a motion other than a motion for new trial and, consequently, in the light of that specific procedure, it was deemed expedient to except

that allegation of error from mandatory inclusion in a motion for new trial. It seems to us, however, that the legislature, by the provisions of Section 510.290, supra, intended that the allegation of error, that the trial court denied a motion for directed verdict at the close of all the evidence, should be preserved for the attention of the trial court and for appellate review by the method prescribed in that section.

In Nelson v. Kansas City, 360 Mo. 143, 227 S.W.2d 672, however, this court held to the contrary. There, plaintiff obtained a verdict and judgment for $1,100 and the trial court sustained his motion for new trial on the issue of damages only on the ground that the verdict was grossly inadequate. Defendant filed no after-trial motion and appealed from the court's order sustaining plaintiff's motion for new trial. Defendant had filed a motion for directed verdict at the close of all the evidence. The contention was there made, as here, that because appellant had filed no after-trial motion, he had not preserved the question of submissibility for appellate review. This court there held that the question was reviewable. We said that if no submissible case was made, plaintiff was not entitled to any damages and therefore should not have a new trial on the ground that his damages were inadequate. The only averred reason assigned for the ruling was to point out that we had frequently reviewed the question of submissibility on defendant's appeal after a trial court had granted plaintiff a new trial after a defendant's verdict on the ground that a defendant's instruction was erroneous.

It should be pointed out, however, that the frequently stated fact and the often applied principle resulting from it, that errors in instructions are immaterial on appeal if plaintiff's case should not have been submitted to a jury, have nothing whatever to do with the question of whether the submissibility error has been preserved for appellate review. But for reasons which will appear, we find it unnecessary to re-examine the question of whether a defend-

ant's failure to have preserved the so-called submissibility error as provided in Section 510.290 or by inclusion in a motion for new trial will prevent the appellate review thereof, even though the complaining party has filed a proper motion for directed verdict at the close of all the evidence.

We reaffirm our statement in Ukman v. Hoover, supra, however, that the *proper and prescribed* way to preserve the question of submissibility for appellate review, is to file a motion for directed verdict at the close of all the evidence and to thereafter, in the event of an adverse verdict, assign as error the failure of the trial court to have directed such a verdict in an after-trial motion either for a new trial or one to set aside a verdict and judgment and enter judgment for the opposite party. Further, we call attention to the fact that, as pointed out in Sapp v. Key, Mo., 287 S.W.2d 775, 780[7], appellants are precluded from urging on appeal all errors (not specifically excepted by S.C.Rule 3.23) which are not presented to the trial court in a motion for new trial. That, by reason of the mandatory language of S.C.Rule 3.23. The C. & O. Distributing Co. v. Milner Hotels, Mo.App., 305 S.W.2d 737, 739 [2].

It is the settled rule that a defendant who wishes to urge that the trial court erred in submitting plaintiff's claim to the jury must have filed a motion for directed verdict at the close of all the evidence. By his failure to have filed such a motion, he has, in effect, requested the court to submit the case to the jury, and he may not thereafter complain of that which he voluntarily requested the court to do. Hauber v. Gentry, Mo., 215 S.W.2d 754, 759 [12] ; Clay v. Owen, 338 Mo. 1061, 93 S.W.2d 914, 916; Silberman v. Hicks, Mo.App., 231 S.W.2d 283, 285 [3] ; Lindsay v. McLaughlin, Mo. App., 311 S.W.2d 148, 149 [2].

Thus, while it is true that the denial of a motion for directed verdict at the close of all the evidence is a fact which the record should show as prerequisite to the contention on appeal that plaintiff failed to make a submissible case, still, as heretofore stated, a re-examination of the further question of whether the alleged error of the trial court's having denied the motion must have been assigned in an after-trial motion in order to be preserved for appellate review is not only unnecessary but would accomplish nothing. That is because it is the law that even though the motion for directed verdict filed at the close of all the evidence is a defective one, in that it does not include the grounds therefor, and thus ineffective as a motion (and thus the same as though no motion for directed verdict had been filed at the close of all the evidence), this court will, nevertheless, upon request, review under S.C.Rule 3.27 the question of whether plaintiff made a submissible case if, upon preliminary review, it is found that there is merit in the contention that no submissible case was made. Oganaso v. Mellow, 356 Mo. 228, 201 S.W.2d 365, 366 [2–4] ; Fletcher v. North Mehornay Furniture Co., 359 Mo. 607, 222 S.W.2d 789, 793 [1] ; Dolan v. Rabenberg, 360 Mo. 858, 231 S.W. 2d 150, 153, 154 [1].

All of the last-cited cases recognize the necessity for a sufficient motion for directed verdict at the close of all the evidence as prerequisite to the right to have submissibility reviewed, but all hold that the submissibility question will nevertheless be reviewed under Rule 3.27 if there is merit in the contention that no submissible case was made. As we understand, we review to determine whether we will review under Rule 3.27. If on review we find that no submissible case was made, then we hold that our review was under Rule 3.27 which provides that plain errors affecting substantial rights may be considered on appeal in the discretion of the court, even though not properly preserved for review, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom.

It appears that such a rule is a proper one for if a plaintiff has failed to make a

submissible case, to permit his judgment to stand would be usually, if not always, a plain error affecting substantial rights and usually, if not always, would result in manifest injustice. So that where, as instant appellant has done, a party on appeal requests that we review under S.C. Rule 3.27 the question of whether plaintiff below made a submissible case, we shall do so. It adds nothing to our last statement to say that we shall review the question under Rule 3.27 if we find that there is merit in the contention that no submissible case was made because, in order to so determine, we have accomplished the review.

■■■ Plaintiff submitted his case solely on defendant's alleged humanitarian negligence in failing to swerve or stop. The accident occurred in the afternoon of a bright, clear day in September 1956, at the intersection of Laclede and Vandeventer in St. Louis, when plaintiff, a pedestrian, as he walked eastwardly from the west side of Vandeventer in the crosswalk there provided, was struck by the middle of the front bumper of defendant's automobile as defendant was in the process of making a left turn from westbound on Laclede to southbound on Vandeventer. Plaintiff and defendant and some of defendant's witnesses gave conflicting versions of the manner in which the accident occurred, but we of course view the evidence from the standpoint most favorable to plaintiff and disregard defendant's evidence except as it aids plaintiff's case. And the jury was entitled to believe "all of the testimony of any witness or none of it or * * * accept it in part and reject it in part, just as the jury finds it to be true or false when considered in relation to the other testimony and the facts and circumstances in a case." Kickham v. Carter, Mo., 314 S.W. 2d 902, 905. When the evidence is so viewed, it is clear that plaintiff made a humanitarian case on stopping and swerving.

■■■ There was evidence from which a jury reasonably could have found that plaintiff stepped off the west curb of Vandeventer and proceeded eastwardly in the crosswalk for a distance of 35 feet, oblivious of the presence and proximity of defendant's automobile until an instant before he was struck; that defendant, either proceeding west on Laclede or from a stationary position headed west on Laclede, made a left turn into Vandeventer; that defendant saw or in the exercise of the highest degree of care could and should have seen plaintiff and that plaintiff was oblivious the entire time plaintiff traversed the 35 feet; that plaintiff, walking at the rate of about three miles per hour (we take judicial notice that the walking speed of the average man is two to three miles per hour, Romandel v. Kansas City Public Service Co., Mo., 254 S.W.2d 585, 596 [6–7]), took more than seven seconds to reach the impact point. Defendant testified that he was stopped with the front of his automobile a car's length east of the east curb of Vandeventer and made a left turn from that position, traveling about 40 feet to the impact point. He also said that his maximum speed from the time he started until impact was 10 to 15 miles per hour and, at the speed he was traveling, he could have stopped in four to five feet. Thus, it is apparent that at 10 to 15 an hour defendant, in seven seconds, would have traveled about 105 to 157 feet and the jury reasonably could have found either that he did so or that during most of that seven seconds defendant's automobile was stationary. In either event, it is obvious that the jury reasonably could have found that defendant could have, in the exercise of the highest degree of care, stopped his automobile before colliding with plaintiff. The evidence also showed that there was nothing to the west or north of plaintiff to have prevented defendant from swerving his automobile to the right and thus and thereby have avoided striking plaintiff.

As we have heretofore indicated, defendant's version of the manner in which the

accident occurred was contrary to plaintiff's testimony. But, as we also have pointed out, we consider the testimony from a standpoint favorable to plaintiff, including the testimony of defendant, unless, for some reason, plaintiff may not use defendant's testimony. Plaintiff estimated the speed of defendant's car, which, as indicated, he saw only at the instant of impact and which was obviously, therefore, an estimate, at 30 miles per hour, while defendant said his maximum speed was 10 to 15 miles per hour and that he was almost stopped at the time of impact. Defendant insists that plaintiff was not entitled to defendant's estimate of his maximum speed but was bound by his own testimony of 30 miles per hour. Clearly, plaintiff was not bound by the estimate made almost simultaneously with the time of impact, Stout v. St. Louis County Transit Co., Mo.App., 285 S.W.2d 1, 4 [1, 2], but, under the particular facts, it makes little difference. That is because there was no dispute about the fact that plaintiff was struck by the front bumper of defendant's car as plaintiff was crossing Vandeventer from west to east and as defendant was making a left turn from Laclede into Vandeventer. Thus, it is clear that, as noted, if it took plaintiff seven seconds to reach the point of collision, it also took defendant that same time to reach the collision point. Consequently, defendant was either stopped during most of that period or was traveling over 100 feet, irrespective of at what speed, during all or a large part of which period of time he did or should have seen plaintiff, oblivious of the presence of his car and intent upon continuing across the street.

■ As noted, defendant also contends that the trial court abused its discretion in finding that the verdict was grossly inadequate. Plaintiff, 57, had been employed for many years by Laclede Gas Company. He serviced house heating equipment. His wages at trial time were $130 per week and the trial court reasonably could have found from the evidence that he had sustained a wage loss at trial time of $3,900. He had paid or was obligated for hospital and medical bills of $894. His special damages at trial time totaled $4,794. The verdict was for $4,500. Thus, the trial court could have believed that the special damages exceeded the amount of the verdict by $294.

As a result of the accident plaintiff was hospitalized for three weeks. He suffered a complete fracture of the middle third of the tibia of his right leg, an injury to his left wrist and hand, which may have included a chip fracture of the left wrist, an injury to his left shin, to his right hip, and to his coccyx. The leg fracture was the kind that usually is operated to produce quicker and better healing, but such procedure was undesirable because plaintiff was a diabetic. Consequently, treatment consisted of immobilizing the limb by a plaster cast which extended from plaintiff's thigh to his toes which he wore for five months, during which time he could not walk. Thereafter, he walked for a time by using a crutch and later by the use of a cane. His left knee has been and continues to be extremely painful and he has received and will receive injections of hydrocorton to alleviate that pain. There is swelling in the right ankle which will continue indefinitely because of his diabetic condition. Plaintiff walks with a limp because of the pain in his right knee and the disability in his right limb is permanent. In addition to a possible chip fracture of the left wrist, plaintiff received a severe wrist sprain which has resulted in his inability to close his left hand sufficiently to make a tight fist. The wrist also probably will remain as it is. Plaintiff complained of pain in his right hip. That pain probably was produced either by a strain suffered at the time of the accident or by walking on a leg which has not regained its full strength. The injury to the left shin and to the coccyx caused no trouble and the pain therefrom ceased in a short time.

Plaintiff at trial time was still under the care of the orthopedic surgeon who had

treated him from accident time. It was likely that he would need to continue under a doctor's care for the rest of his life because of diabetes and in order to attempt to control the knee pain. It was reasonably certain that plaintiff would suffer pain indefinitely and that the doctor would see him at intervals for an indefinite period. Plaintiff at trial time had returned to his work but was unable to work full time as a result of the accident. He was working about three or four days a week. He had been in prior good health despite the fact that he was drawing disability benefits because of a war injury and was a diabetic.

We need not further review the evidence from a standpoint favorable to plaintiff. The foregoing is sufficient to make it apparent that there was substantial evidence from which the trial court reasonably could have found that the $4,500 verdict was grossly inadequate and, thus, the trial court did not abuse its discretion in sustaining plaintiff's motion for new trial on that ground. Widener v. St. Louis Public Service Co., 360 Mo. 761, 230 S.W.2d 698, 699 [1], 700 [2] [3]; Sapp v. Key, supra, 287 S.W.2d 779 [2–5].

Defendant cites two cases to support his contention that the trial court abused its discretion in holding the damages grossly inadequate: Thompson v. Healzer Cartage Co., Mo., 287 S.W.2d 791, and Dickson v. Beemer, Mo., 217 S.W.2d 515. Both were cases in which the trial court had overruled plaintiff's motions for new trial, each of which included the assignment that plaintiff's verdict was grossly inadequate. Those situations are entirely different from the instant one and the cited cases are not authority for defendant's instant contention.

There has been no attempt on defendant's part to demonstrate that the issues of damages and liability may not fairly be tried separately.

The order of the trial court sustaining plaintiff's motion for new trial on the issue of damages only is affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.