Dorothy **HEIDEMAN**, Appellant,

v.

Alma **LORENZ**, Respondent.

No. 48065.

Supreme Court of Missouri,

Division No. 2.

Sept. 11, 1961.

Armstrong & Armstrong, F. G. Armstrong, St. Louis, for appellant.

Charles F. Hamilton, F. Douglas O'Leary, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, for respondent.

BOHLING, Commissioner.

Mrs. Dorothy Heideman sued Mrs. Alma Lorenz for personal injuries sustained in an automobile collision about 4:45 p. m., March 11, 1958, in the intersection, which had no form of traffic control (§ 304.021 (1) [1]), of West Bruno Avenue (an east-west street), and Hiawatha Avenue (a north-south street), public streets forming the boundary between Maplewood and Richmond Heights, cities in St. Louis County, Missouri. Plaintiff prayed damages in the amount of $75,000.00. There was a unanimous verdict for the defendant. Plaintiff has appealed. Her sole point is that error was committed in overruling her motion for new trial wherein for the first time she contended that under defendant's testimony defendant was negligent as a matter of law in failing to exercise the highest degree of care in maintaining a lookout.

■ In this case the plaintiff did not file any motion for a directed verdict. Civil Rules 72.01 and 72.02, V.A.M.R.; §§ 510.280 and 510.290. She, as indicated above, submitted her case to the jury on the theory that defendant was negligent in failing to exercise the highest degree of care to keep a lookout for the automobile in which plaintiff was riding and proximate causation. Having voluntarily taken her chances with the jury for a favorable verdict, it is obvious that plaintiff failed to place herself in a position to properly charge it was the trial court that erred in submitting her case to the jury and entering judgment upon the verdict for defendant. Civil Rules 79.01, 79.03, 83.13(a); §§ 510.210, 512.160(1). Plaintiff's appeal lies from the final judgment in the case and not from the order overruling her motion for a new trial. Civil Rule 82.01; § 512.020.

In Robbins v. Robbins, Mo., 328 S.W.2d 552, 555 [1-4], we said of a plaintiff's contention that a defendant was guilty of negligence as a matter of law and the verdict and judgment in his favor may not stand:

"We have determined that plaintiff has not preserved this point for our review. He offered no motion for a directed verdict at any time (§ 510.280) but offered, and the court gave Instruction No. 2, which submitted to the jury as a fact issue defendant Robbins' failure to keep a lookout and the question of proximate cause * * *. It is true that it is ' * * * very seldom that a trial court is justified in directing a verdict in favor of a party having the burden of proof * * * upon oral testimony' (Beezley v. Spiva, Mo., 313 S.W.2d 691, 695), and we do not intimate that it should have done so here;

1. Statutory references are to RSMo 1959 and V.A.M.S.

however, it is ordinarily incumbent upon a party in a jury case to raise that point specifically in the trial court before asking an appellate court to set aside a verdict for insufficient evidence. [Citing authorities.] * * * Appellate courts are merely courts of review for trial court errors, and there can be no review of a matter which has not been 'presented to or expressly decided by the trial court.' Scowden v. Scowden, Mo.App., 298 S.W.2d 484, 485. Section 512.160(1) expressly provides (with stated exceptions) that no allegations of error shall be considered except such as have been presented to or expressly decided by the trial court." See also Millar v. Berg, Mo., 316 S.W.2d 499, 502; Myers v. Karchmer, Mo., 313 S.W.2d 697, 701 [4]; Williams v. Southern Pac. Rd. Co., Mo., 338 S.W.2d 882; Edmisten v. Dousette, Mo.App., 334 S.W.2d 746, 749 [2, 3]; Warren v. Weaver, Mo.App., 343 S.W.2d 682 [3]; Heninger v. Roth, Mo.App., 260 S.W.2d 855, 858 [2].

Millar v. Berg, supra [316 S.W.2d 502], states, in part: " * * * this court will, nevertheless, upon request, review under S.C. Rule 3.27 [now Civil Rule 79.04] the question of whether plaintiff made a submissible case if, upon preliminary review, it is found that there is merit in the contention that no submissible case was made." A plaintiff also may invoke said rule where plain errors affecting substantial rights result in manifest injustice or a miscarriage of justice. Williams v. Southern Pac. Rd. Co., supra.

█ The proper procedure for preserving like issues in jury tried cases is to file a motion for a directed verdict at the close of all the evidence and, in the event of an adverse verdict and judgment, move to set aside the verdict and judgment and to have judgment in accordance with the motion for a directed verdict, which after trial motion may be joined with a motion for a new trial. Absent a timely and sufficient motion for a directed verdict, a litigant who takes his chances with an adverse verdict by the jury is not in a position to insist in the course of orderly procedure that he was entitled to a directed verdict when that issue is first raised in a motion for new trial. Millar v. Berg, Myers v. Karchmer, Heninger v. Roth, and Warren v. Weaver, all supra; Civil Rules 72.01, 72.02; §§ 510.280, 510.290. The issue, like others, should be kept alive by timely presentation in the party's original brief filed upon appeal. Berghorn v. Reorganized School Dist. No. 8, 364 Mo. 121, 260 S.W.2d 573, 580 [6].

█ We have the discretionary right under Civil Rule 79.04 to consider plain errors affecting substantial rights not raised in the trial court or preserved for review, or defectively raised or preserved, if we deem that manifest injustice or miscarriage of justice resulted therefrom. A preliminary review of the evidence (Millar v. Berg, supra) in the light most favorable to the defendant and the applicable law convinces us that the issues of defendant's negligence and proximate cause were fact issues to be determined by the jury and not issues of law for the determination of the court. See Williams v. Southern Pac. Rd. Co., Heninger v. Roth, Edmisten v. Dousette, and Warren v. Weaver, all supra. Plaintiff, not having preserved the issue for review in the orderly course of procedure, may not insist upon its further development. A statement of the facts, with the legitimate inferences to be drawn therefrom, in the light most favorable to defendant would permit of ruling plaintiff's contention on its merits in less space and with less effort than this determination of the procedural issue and with the same practical result.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.