**HERRMAN LUMBER COMPANY, a corpora-
tion, Plaintiff-Respondent,**

v.

**Riley COX and Helen M. Cox,
Defendants-Appellants.**

No. 9630.

Missouri Court of Appeals,
Springfield District.

March 14, 1975.

Tom Rosenberg, Willow Springs, for defendants-appellants.

Rich D. Moore, Moore & Brill, West Plains, for plaintiff-respondent.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

FLANIGAN, Judge.

Herrman Lumber Company, a corporation, brought this action on an unpaid account against Riley Cox and Helen M. Cox. The case was tried to a jury which returned a unanimous verdict in the sum of $2,119.56 in favor of plaintiff and against both defendants. Defendants appeal from the judgment entered on the verdict.

At the trial the plaintiff was represented by counsel but, in the language of the transcript, "the defendants appeared in person and represented themselves." Defendants' motion for new trial, which was timely filed, was signed by the attorney who represents them on this appeal.

A careful review of the record leads this court to the conclusion that the verdict and judgment were for the right party and that the same result would have been reached even in the absence of the glaring procedural errors with which the record is replete.

"Those who elect to represent themselves in propria persona are entitled to no indulgence they would not have received if they had been represented by counsel. They are bound by the same rules of evidence and procedure as those who are admitted to practice law, and they are held to the same familiarity with required procedures and rules as would be attributable to a member of the bar." Parker v. Wallace, 473 S.W. 2d 767, 773 [13] (Mo.App.1971); quoted in Hampton v. Gilmore, 511 S.W.2d 442, 443 [1] (Mo.App.1974). "A litigant has the right to act as his own attorney, with certain exceptions not applicable here. However, if he does so, he should be restricted to the same rules of evidence and procedure as those qualified to practice law; otherwise, ignorance is unjustifiably rewarded." Hutter Northern Trust v. Door County Chamber of Com., 467 F.2d 1075, 1079 [5] (7th Cir. 1972).

The "Points Relied On" section of defendants' brief contains four points. In their first point, and the argument thereunder, defendants take the position that the verdict "is against the weight of the evidence" in that, according to defendants, the evidence failed to show that the building materials (the sale of which gave rise to the action) were requested by and delivered to defendants.

Whether a jury verdict is against the weight of the evidence is a question for the trial court alone. Wilcox v. Coons, 362 Mo. 381, 241 S.W.2d 907, 917 [25] (1951). "The statement that the verdict is against the greater weight of the credible evidence presents nothing for review because appellate courts do not weigh the evidence in a case tried before a jury." State ex rel. State Highway Commission v. Twin Lakes Golf Club, Inc., 470 S.W.2d 313, 315 [3] (Mo.1971). See also Neavill v. Klemp, 427 S.W.2d 446, 449 [13] (Mo. 1968); Homeyer v. Wyandotte Chemical Corp., 421 S.W.2d 306, 309 [3] (Mo.1967).

It is clear, however, that defendants' first point in fact attacks the *sufficiency* of the evidence as distinguished from its weight. In effect defendants are claiming that the plaintiff failed to make a submissible case.

Defendants did not move for a directed verdict at the close of the evidence offered by plaintiff. Evidence was introduced on behalf of defendants. Defendants did not

**6**

move for a directed verdict at the close of all the evidence.

■ "A defendant who wishes to urge that the trial court erred in submitting plaintiff's claim to the jury must have filed a motion for directed verdict at the close of all the evidence. By his failure to have filed such a motion, he has, in effect, requested the court to submit the case to the jury, and he may not thereafter complain of that which he voluntarily requested the court to do." Millar v. Berg, 316 S.W.2d 499, 502 [2] (Mo.1958). However, this court will, upon request, "review under [Rule 84.13(c)] the question of whether plaintiff made a submissible case if, upon preliminary review, it is found that there is merit in the contention that no submissible case was made." Millar v. Berg, supra, 316 S.W.2d at 502 [3]; Van Norman v. Illinois Central Railroad Co., 320 S.W.2d 512, 514 [2] (Mo.1959). This court's review, which was more than "preliminary", finds no such merit.

■ Defendants contend that plaintiff's evidence does not contain "even one iota of proof that the defendants requested the materials . . . or that the materials were in fact delivered by plaintiff to defendants." This contention is factually unsound.

Kenneth Phillips, who testified for plaintiff, was responsible for keeping plaintiff's records, "including invoices for construction material. purchased." Plaintiff's Exhibit 1, which was admitted into evidence, contained invoices, the entries on which were made as the material was sent out to defendants' job. "These are the invoices in our office reflecting the materials sold to the defendants." Mr. Phillips testified that the plaintiff furnished the defendants with materials, the first purchase having been made about August 1, 1967, and the defendants "paid along" on the account until November 6, 1967. Mr. Phillips then stated "We continued to supply materials after November 6 up through the last of

December, the time period these invoices covered." He also testified that defendants received monthly statements, including a copy of all invoices charged, and that such statements were sent until June, 1968. Demand for payment of the balance was made on defendants on June 11, 1968. According to the witness, the defendants "had never complained, up to that time, about being overcharged." Mr. Phillips also testified that he had a conference with defendants in the spring of 1968 and that during that conference "Mr. Cox verified this material did go into the house." Mr. Cox made that statement after the witness had gone over the invoices, "broke the invoices down", with the defendants.

Even defendant Cox, who testified on his own behalf, stated on cross-examination by plaintiff's counsel, that it was "substantially true" that he and his wife purchased material from the plaintiff from August, 1967, until the last part of December, 1967. Defendants offered no evidence to the effect that they did not receive any of the material itemized in the invoices.

When Cox was asked whether the "dispute we are talking about here today" had arisen over materials furnished him and his wife during the latter part of the fall of 1967, his response was "I think so."

It should be noted that MAI 26.03, under which plaintiff's claim was submitted to the jury, does not require a specific finding that the goods were "requested." Paragraph "First" of that instruction uses the word "furnished" rather than the word "delivered." Defendants' first point has no merit.

■■ Defendants' second point is stated as follows: "The court erred in excluding competent, relevant, and material evidence offered by the defendants and the trial court abused its discretion in refusing to sustain the motion for a new trial." This point preserves nothing for review. Rule 84.04(d) V.A.M.R.; Jennings v. Jennings, 379 S.W.2d 159, 163 [6] (Mo.App.

1964); Thigpen v. Dodd's Truck Lines, Inc., 498 S.W.2d 816, 818 [5, 6] (Mo.App. 1973). The documentary evidence, to which the argument under this defective point refers, does not appear in the transcript and has not been filed in this court. That being the situation, "the intendment and content of such exhibits will be taken as favorable to the trial court's ruling and as unfavorable to appellant." Lange v. Baker, 377 S.W.2d 5, 7 [4] (Mo.App. 1964); Kewanee Oil Company v. Remmert-Werner, Inc., 508 S.W.2d 23, 27 (Mo.App.1974).

■ Defendants' third point is stated as follows: "The court erred in giving and reading instruction number three." This point preserves nothing for review. Rule 84.04(d) V.A.M.R.; M & A Electric Power Coop. v. True, 480 S.W.2d 310, 315 [10] (Mo.App.1972). No objection was made to this instruction prior to the giving of it. Moreover, this defective point was not presented to the trial court in the motion for new trial. See Rules 78.07 and 84.-13(a) V.A.M.R.; Bower v. Hog Builders, Inc., 461 S.W.2d 784, 797 [4] (Mo.1970). Nor does defendants' brief comply with Rule 84.04(e), which requires that the challenged instruction "be set forth [in full] in the argument portion of the brief." State v. Mesmer, 501 S.W.2d 192, 197 [12] (Mo.App.1973); Sippel v. Custom Craft Tile, Inc., 480 S.W.2d 87, 92 [6] (Mo.App.1972).

Defendants' fourth point is stated as follows: "The court's giving of instruction number three constituted plain error."

Instruction 3, given on behalf of plaintiff, was based on MAI 26.03 and was in proper form. It did not include the "tail" which would have been required if an affirmative defense had been in issue. Defendants' answer did not plead an affirmative defense. Defendants offered no instruction on an affirmative defense and, had one been offered, it should have been refused for the reason there was no evidence to support the giving of one. Al-though the evidence offered by the defendants included four checks, it was clear (and even defendants did not claim otherwise) that they represented payments to the plaintiff for prior purchases and did not pertain to the purchases made during the period in dispute, that is, "after November 6 up through the last of December" as stated by witness Phillips.

There was, in fact, no error, plain or otherwise, with respect to the giving of instruction 3 and there is no need to consider the possible applicability of the plain error rule, 84.13(c) V.A.M.R.; Zipp v. Gasen's Drug Stores, Inc., 449 S.W.2d 612, 618 [6–8] (Mo.1970); Siteman v. Woodward-Clyde & Associates, 503 S.W.2d 141, 148 [12, 13] (Mo.App.1973).

The judgment is affirmed.

All concur.