**FALLERT TOOL & ENGINEERING COMPANY, INC.,**
Plaintiff-Respondent-Appellant,

v.

**Eugene F. McCLAIN and Jacqueline E. McClain, Defendants-Third Party Plaintiffs-Appellants-Respondents,**

v.

**Charles B. FALLERT and Catherine E. Fallert, Third Party Defendants-Respondents-Appellants.**

Nos. 39013, 39029.

Missouri Court of Appeals,
Eastern District,
Division One.

March 20, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 13, 1979.

Application to Transfer Denied
May 17, 1979.

---

Frank N. Gundlach, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for plaintiff-respondent and appellant on defendant's second counterclaim.

William R. Kirby, St. Louis, for defendants-appellants on appeal.

Paul Taub, St. Louis, for defendant-third party plaintiffs-appellants-respondents.

SNYDER, Presiding Judge.

This is a fraud action brought by Fallert Tool and Engineering Company, Inc. (Fallert Tool), a corporation, against Eugene F. McClain and Jacqueline E. McClain, defendants. The dispute arises out of the sale of a machine shop business by the McClains to Fallert Tool. Fallert Tool's petition contains two counts, the first for fraud and misrepresentation and the second for punitive damages. A third count for rescission of the contract was subsequently dismissed.

The McClains filed two counterclaims against Fallert Tool and Charles B. Fallert and his wife, Catherine E. Fallert, individually. The first counterclaim prayed for judgment on a note given in part payment of the purchase price; the second counterclaim sought replevin of the machine tools which were purchased by Fallert Tool.

The trial court, after jury verdicts, rendered judgment for $63,195 in favor of Fallert Tool on the fraud count of the petition and in favor of the McClains on the punitive damage count of the petition. There was a judgment in favor of the McClains on both their first and second counterclaims. The judgment on the first counterclaim on the note was in the sum of $57,195, including interest and attorneys' fees.

The McClains appeal from the judgment in favor of Fallert Tool on count one of the petition. Fallert Tool and the Fallerts individually appeal from the judgment against them on the second counterclaim. The appeals were consolidated upon joint motion of the parties. No appeal was taken from the judgment on the note.

The McClains contend that the trial court erred in: (1) denying their motion for a directed verdict at the close of all the evidence and their motion for a new trial; (2) giving and reading to the jury the verdict-director, Instruction No. 3; (3) permitting evidence of a loan obtained by Fallert Tool and the interest it was required to pay; (4) admitting into evidence and reading to the jury a letter written by Fallert Tool to Eugene McClain; (5) permitting Charles Fallert to testify to self-serving questions, answers and conversations that he had with third persons; and (6) giving and reading to the jury damage Instruction No. 4.

Fallert Tool and the Fallerts individually claim that the trial court erred in not rendering judgment in their favor on the replevin counterclaim.

Affirmed in part; reversed in part.

The McClains, as sole proprietors, owned the McClain Tool Company from 1961 to 1974. They offered the business for sale in 1973 and listed it with an agency. They were unsuccessful in selling it and in early 1974 they listed it with a different agency who advertised the offer to sell in the St. Louis Post-Dispatch. In response to that advertisement, Charles B. Fallert visited with Eugene McClain at the machine shop which was located on Manchester Road in the City of St. Louis.

Charles Fallert had been a toolmaker at Emerson Electric Company for three years, then a toolroom foreman and a manufacturing engineer over a period beginning in 1941 and ending in 1973 when he left Emerson. He had always planned on opening up a tool and die shop of his own and it was with this ambition in mind that he answered the McClain advertisement.

During subsequent negotiations, Charles Fallert was permitted to inspect the inventory and machines after the closing hour of the shop, but McClain would not permit him to talk to any of the three employees. A price of $58,000 was finally agreed upon. Both parties were represented by counsel and a sales contract was drafted, revised three or four times, and finally signed by the parties. Charles Fallert formed the plaintiff corporation and took over the business in May of 1974.

In accordance with the sales contract, cash in the sum of $17,000 was paid when the sale was closed and a note for $41,000 with interest at eight per cent per annum was taken by the McClains for the balance of the purchase price. The note was signed by the Fallert Tool and Engineering Company, Inc. and the Fallerts individually.

The McClains retained the right to complete several open orders although the evidence was not clear as to the exact cut-off date. Eugene McClain also agreed to aid Charles Fallert by familiarizing him with the operation of the business. McClain continued to come to the shop regularly during the period from May to October of 1974 and during that time cooperated with Charles Fallert in the operation of the shop, in addition to completing the jobs which were reserved to McClain by the purchase contract. There was a dispute about whether McClain also took over some orders to which he was not entitled.

Charles Fallert began to make complaints to McClain about the time that McClain left the business for good, or so he thought, in October of 1974. Fallert complained specifically that McClain had misrepresented the business in five respects. The claimed misrepresentations related to statements by McClain as to the number of customers and customer relations, statements as to the amount of business being done by McClain with nongovernment customers, representations that all the work was done in the shop when much of it was subcontracted, statements overstating the value of the machines and equipment and the price originally paid for them and a representation that there were no financial records for the business when, in fact, full journals and ledgers were kept which were concealed from Fallert by McClain.

There were discussions between Eugene McClain and Charles Fallert concerning Fallert's complaints and at one time Fallert proposed to return the machine shop to McClain if McClain would return the purchase price, which McClain refused to do.

The suit was filed by Fallert Tool on April 28, 1975 and the business ceased to operate late in the year 1975.

The McClains' first point relied on is a claim that the trial court erred in overruling their motions for a directed verdict after the close of all the evidence and for a new trial. In six subpoints they contend that there was not substantial evidence to sustain the various misrepresentation charges of Fallert Tool and that two of the charges were not actionable because they were matters of opinion and not representations of fact.

■ The insufficiency of the evidence to support a verdict may be preserved for review by an appellate court only if the appellant files a motion for a directed verdict at the close of all the evidence and alleges the denial of that motion in a motion for a new trial. *Millar v. Berg*, 316 S.W.2d 499, 502[1–3] (Mo.1958); *Herrman Lumber Company v. Cox*, 521 S.W.2d 4, 6[3, 4] (Mo.App. 1975). No motion for a directed verdict at the close of all the evidence was made as to Eugene McClain but an oral motion "to dismiss the petition totally as against Mrs. McClain . . . ." was made by counsel at the close of all the evidence. This will be considered as a motion for directed verdict as to Jacqueline McClain, but the trial court did not err in refusing to grant it.

■ Mr. and Mrs. McClain were the co-owners of the business. She signed the sales contract and was a party to it as "Eugene F. and Jacqueline McClain, ('sellers'), doing business as 'McClain Tool Company.'" Eugene F. McClain and Jacqueline McClain, his wife, were the payees of the promissory note in the amount of $41,000

given as part payment of the purchase price and signed by Fallert Tool and the Fallerts, individually, as guarantors. Mrs. McClain worked in the business as bookkeeper and, although the issue of partnership did not arise, there is evidence that the two McClains acted in concert. Because she signed it, Jacqueline McClain made the representations contained in the contract itself. She is also bound by the representations made by Eugene McClain during the negotiations leading up to the final transfer.

■ Even in the absence of a principal-agent or partnership relationship, a party not actually making the fraudulent representation is liable if he accepted the benefits of the transaction and had either actual or constructive knowledge at the time of the fraud, or at the time he accepted the benefits, that fraud had been committed. In 37 Am.Jur.2d Fraud and Deceit, § 305, it is stated that:

> One will be held liable for fraud, however, if he has knowledge thereof and adopts or takes advantage of it. The same has been held to be true where a person participated in the fraud *with only constructive knowledge thereof*, at least as to liability for compensatory damages. [Emphasis added].

As the bookkeeper and a part-owner of the business, Mrs. McClain knew or should have known of the representations made by her husband.

■ Where one engages with others in a common enterprise he cannot avoid liability for deceit committed by his associates of which he had no knowledge, but of which he could have informed himself, where he participates in the benefit derived of such deceit. *Hornblower v. Crandall*, 7 Mo.App. 220, affirmed 78 Mo. 581 (1883). Thus, because there was sufficient evidence to support a verdict against Mrs. McClain, her motion for a directed verdict at the close of all the evidence as to Mrs. McClain was properly denied.

■ By failing to file a motion for a directed verdict at the close of all the evidence, Eugene McClain voluntarily submitted the issues to the jury and cannot complain on appeal that the evidence was insufficient for submission to support a verdict. *Millar, supra.*

The McClains also contend in the detailed recital of their first point that the submissions of the various allegations of fraud to the jury were not "actionable misrepresentations." The McClains did not raise the issue regarding "actionable misrepresentations" in their motion for a new trial. Therefore, the issue has not been preserved for appellate review.

■ Rule 78.07 in force at the time of the trial provides that allegations of error, in order to be preserved for appellate review, must be included in a motion for a new trial, with certain exceptions, one of them being the sufficiency of the pleadings to state a claim. The McClains' point may be a somewhat inartfully drafted allegation that the pleadings were insufficient to state a claim. The claim that neither respondents' pleading nor their verdict-director stated "an actionable misrepresentation" is a claim that the pleading did not allege fraud and that the instruction improperly submitted the issue of fraud. The point raised concerning the instruction will be discussed later. If fraud was not pleaded, Fallert Tool did not state a cause of action in its petition. Because failure to state a claim is jurisdictional, an issue relating to this deficiency may be raised for the first time on appeal. *Eilers v. Kodner Development Corporation*, 513 S.W.2d 663, 665[1] (Mo.App.1974).

■ When the attack on the sufficiency of a petition is made for the first time on appeal, the pleading will be held good unless it wholly fails to state a claim. *Sumpter v. J. E. Sieben Construction Company*, 492 S.W.2d 150, 153 (Mo.App.1973). In this determination, the petition will be liberally construed, *Nichols v. Pendley*, 331 S.W.2d 673, 678[7] (Mo.App.1960), and will be found sufficient after a verdict " '[i]f, after allowing reasonable inferences and matters necessarily implied from the facts stated, there is sufficient to advise defendant with rea-

sonable certainty as to the cause of action it is called upon to meet and bar another action for the same subject matter.' " *Barber v. Allright Kansas City, Inc.*, 472 S.W.2d 42, 44[3, 4] (Mo.App.1971). See also *Brennaman v. Andes & Roberts Brothers Const. Co.*, 506 S.W.2d 462, 463 (Mo.App.1973) where the trial court dismissed for failure to state a cause of action and the appellate court reversed viewing the petition under these principles.

It is unnecessary to recite the well-known elements of fraud and the pertinent allegations of the petition. See, *Ackmann v. Keeney-Toelle Real Estate Company*, 401 S.W.2d 483, 488[2–5] (Mo. banc 1966) for these elements. Fallert Tool's petition, examined with these principles in mind, stated facts which if true would be the basis of a finding of fraud.

However, the fact that the pleading was sufficient to state a cause of action does not necessarily mean that there was evidence to support the submission of each misrepresentation under Instruction No. 3.[1] In their second point the McClains claim the trial court erred in giving and reading to the jury this instruction. Again the contention of Fallert Tool that this point has not been preserved for appellate review must be considered.[2]

Only two claims of error concerning Instruction No. 3 were raised in the trial court: (1) in the instruction conference the McClains' counsel objected to Instruction No. 3 for the reason that only the representations made in the written purchase con-

tract should have been considered and that evidence of the other representations should not have been allowed by the court; and (2) in the motion for a new trial, the McClains renewed the objections which were advanced in the instruction conference, and further objected that Instruction No. 3 was erroneous as to defendant Jacqueline McClain because there was no evidence in the record to support that instruction as against her. These alleged errors are not discussed in the McClains' brief.

Instead, the McClains in their brief raise an entirely different claim of error relating to Instruction No. 3. They rely on lack of evidence to support the submission of certain alleged misrepresentations and the claim that certain of the representations were not actionable.

■■■ Errors in instructions not specifically objected to at trial before submission to the jury and not set forth in a motion for a new trial are not preserved for appellate review. Rule 78.07. The requirements of Rule 78.07 are to be strictly enforced. "If on appeal an alleged error relating to an instruction differs from or is not included in the specific objections made to and determined by the trial court, it may not be reviewed by an appellate court. [Citing cases]." *Belter v. Crouch Bros., Inc.*, 554 S.W.2d 562[1–4] (Mo.App.1977).

■■■ Because the errors relating to Instruction No. 3 briefed on appeal by the McClains differ from the alleged errors which were presented to the trial court, the McClains' second point on appeal is not preserved for appellate review.

---

1. Instruction No. 3 reads as follows:

 Your verdict must be for plaintiff if you believe:

 First, defendants represented to plaintiff that all of the machinery, tools and equipment being sold was in good operating condition, that defendants had an established machine shop with loyal clientele and had good relations with customers who would continue to do business with plaintiff after the sale, that defendants had substantial amounts of business from nongovernment customers, that defendants stated that all work was done in their shop, or the defendants had no journals or ledgers, intending that plaintiff rely upon such representations in purchasing the 'McClain Tool Co.', and

 Second, the representations were false, and

 Third, defendants knew they were false, and

 Fourth, the representations were material to the purchase by plaintiff of the 'McClain Tool Co.', and

 Fifth, plaintiff relied on the representations in making the purchase, and in so relying, plaintiff was using ordinary care, and

 Sixth, as a direct result of such representations, the plaintiff was damaged.

 MAI 23.05 Offered by Plaintiff

2. The attorney on appeal did not enter the case until after all the post-trial motions had been ruled on and the notice of appeal filed, which may account for some of the problems in connection with the points relied on.

The McClains' third point likewise is not preserved for review. The objection at the trial court to the disputed testimony (relating to a loan obtained by plaintiff to purchase defendants' business and the amount of interest it was required to pay) was based on relevancy and the claim that the interest paid was not a proper element of damages. In the motion for a new trial there were general objections about self-serving, improper and unfounded statements and a second general claim about rambling and self-serving statements which were not responsive to the questions asked. Nothing was said specifically about the loan and interest in the motion for a new trial.

Now on appeal the point raised is that the facts were not pleaded, the questions and answers were immaterial and irrelevant, allowed the jury to speculate and were prejudicial.

 A litigant may not interpose one objection to the trial court and different objections on appeal. In jury-tried cases objections not presented to the trial court in a motion for a new trial are not reviewable on appeal. Rule 78.07. *Mitchell v. Robinson*, 360 S.W.2d 673, 676[1] (Mo.1962). *Belter v. Crouch Bros., Inc., supra.* This point is ruled against the McClains.

The McClains' fourth point is that the trial court erred in admitting into evidence a letter written by Charles Fallert to Eugene McClain and in allowing the letter to be read to the jury. They contend that the letter was self-serving, prejudicial and invaded the province of the jury.

The letter, dated November 22, 1974, contained a recitation of the various misrepresentations alleged by Fallert to have been made by McClain in addition to an offer by Fallert to either rescind the contract or negotiate a reduction of the purchase price. It also threatened a lawsuit if an agreement could not be reached on rescission or on a price reduction. McClain did not reply to the letter.

 Generally, neither oral nor written declarations favorable to the interest of the declarant are admissible as evidence or proof of the facts asserted. 29 Am.Jur.2d Evidence, § 621; *Brandtjen & Kluge v. Hunter*, 235 Mo.App. 909, 145 S.W.2d 1009 (Mo.App.1940); *Keeshan v. Embassy Investment Company*, 303 S.W.2d 666 (Mo.App.1957); *Hussey v. Robison*, 285 S.W.2d 603, 608 (Mo.1955). Here the listing of the alleged misrepresentation in the letter was self-serving as to Fallert, the writer. It was error to receive the letter in evidence.

However, there was ample testimony independent of the letter to prove the allegations of misrepresentations contained in the letter. Therefore the evidence in the letter is merely cumulative and no prejudice results. *Murphy v. Buschman-Jennings, Incorporated*, 382 S.W.2d 29, 33–34[7, 8] (Mo.App.1964); *McDowell v. Southwestern Bell Tel. Co.*, 546 S.W.2d 160, 162–163 (Mo.App.1976).

The McClains next contend that the trial court erred in overruling their objections to Fallert's testimony relating his conversation with Eugene McClain regarding the threatened removal of McClain Tool Company from a United States government bidders' list.

 The general rule is that declarations of a party favorable to himself which are not part of the res gestae are hearsay, self-serving and inadmissible as evidence in his favor. A party cannot make evidence for himself by his own declarations. Such declarations are generally not rendered admissible by the fact that they were made in the presence of or in conversation or correspondence with, the other party or his agent unless the other party assents to the truth of the declarations. 31A C.J.S. Evidence § 216. The reason for the rule is the inherent untrustworthiness of such declarations and the probability that their introduction in evidence would open the door to frauds, perjuries and manufactured evidence. 29 Am.Jur.2d Evidence, § 621. Missouri cases follow the general rule. *Critcher v. Rudy Fick, Inc.*, 315 S.W.2d 421, 429[13, 14] (Mo.1958); *Stallman v. Hill*, 510 S.W.2d 796, 798[7, 8] (Mo.App.1974).

Fallert Tool's response that the declarations were admissible as part of the res gestae is not tenable. The conversation in which the declarations were made occurred in November of 1974, six months after the closing of the sale and the takeover of the business by Fallert Tool.

Although admission of Fallert's conversation with Eugene McClain was error, it was cumulative and not prejudicial. There was direct evidence of problems with the government. A handwritten letter of Eugene McClain speaks of dealings with government employees and states that one of them "assured me that this problem would not keep you off the bidders' list." However, the letter also stated that one government employee was "happy with the last inspection." Other testimony of problems with the government came from government employees.

More important, Fallert Tool's case as finally submitted to the jury was not based on any evidence that the company was threatened with being removed from the government bidders' list. The verdict-director (see footnote 1) of Fallert Tool spoke only to misrepresentations as to the condition of the machinery, the loyal clientele of the McClains, the amount of business from nongovernment customers, the absence of journals or ledgers as records of the business and the falsity of the statement that all work was done in the McClains' shop.

The evidence of the conversation, therefore, did not support any of the allegations considered by the jury in reaching a verdict for Fallert Tool. Its admission was harmless error.

The McClains' final point alleges error in the giving and reading of Instruction No. 4 (MAI 4.01), the damage instruction. The contention at the instruction conference, in the motion for a new trial, and in the McClains' brief on appeal, was that there was no evidence of damages. Other objections are advanced in their brief but cannot be considered on appeal because they were not raised in the trial court.

The evidence of the selling price of the business, the poor condition and misrepresentations as to the value of the machines, the volume of business and profits in prior years which was lost, poor performance in the past, certain orders wrongfully retained by the McClains, among other facts brought out concerning the dealings between the parties, all provided the jury with sufficient evidence of the losses sustained by Fallert Tool. The committee's comment on this instruction points out that it is short, simple and easily understood and because no specific items of damages are set out "there is no risk of the jury being improperly instructed on damages not supported by the records." MAI No. 4.01. There was no error in giving Instruction No. 4.

In their brief the McClains argue in addition that MAI 4.02 (sic) with modifications should have been given and that the "Benefit of the Bargain" rule should have been used as a method of arriving at a damage figure. No alternate damage instruction was requested by the McClains at the trial. Moreover, the proposed instruction was not set forth in full in the argument portion of the brief as mandated in Rule 84.04(e). Therefore, the argument that MAI 4.02 should have been used instead of MAI 4.01 cannot be considered on appeal. *Mitchell v. Robinson, supra.*

Finally, Fallert Tool and the Fallerts individually allege error in the denying of their after-trial motions for a directed verdict or judgment notwithstanding the verdict on the McClains' second counterclaim, the action in replevin brought to recover possession of the machinery and equipment.

The Fallerts individually claim that the second counterclaim was not directed against them, only against the corporation. The counterclaim indeed was brought only against the corporation. Instruction No. 9, the verdict-director on the second counterclaim, also mentions only the corporation as defendant. The corporation alone signed the security agreement. Therefore, the judgment against the Fallerts individually

on the second counterclaim was erroneous and must be reversed.

Fallert Tool contends that because the McClains' $57,195 judgment on the note is off-set in total against the $63,195 judgment of Fallert Tool, Fallert Tool is not in default for any obligation owing to the McClains. The security agreement upon which the replevin judgment was based recited that it became void upon payment of the obligation on the promissory note.

The McClains claim the appeal from the judgment on the second counterclaim is now moot and that "the issue appealed from no longer exists." They relate in their brief that certain machinery and equipment was delivered by Fallert Tool to them and credit given in an agreed amount of $13,000 against the $57,195 judgment on the note. Apparently there was a dispute as to whether all of the machinery and equipment sold to Fallert Tool was returned. Credit should be given against the judgment on the note for any additional machinery or equipment returned to the McClains.

Because of the setoff, the judgment of possession in favor of the McClains and against the corporation based on the signed security agreement is also reversed. 20 Am.Jur.2d Counterclaim, Recoupment and Setoff, § 157.

The judgment of the trial court is affirmed with the exception of the judgment on the second counterclaim which is reversed.

WEIER, C. J., and SMITH, J., concur.